■ The People of the State of New York, Respondent, v Roger Jordan, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered December 16, 1976, convicting him of murder, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial ordered. The facts have been considered and determined to have been established. The defendant-appellant was convicted for the murder of Herman "Billy" Roper. The deceased was shot while at a social club owned by the defendant. There are several apartments on the floors above the club. The judgment of conviction must be reversed because of two

evidentiary errors which, in the absence of overwhelming evidence of guilt, must be deemed prejudicial. One error was allowing the prosecution to impeach its own witness in violation of CPL 60.35. The other error was failing to allow. the defendant to introduce a prior inconsistent signed statement made by the prosecution's chief witness. Prior to the trial, Jay Brown had been interviewed by an Assistant District Attorney and had made several oral statements. One of these statements was to the effect that the defendant had shot the deceased and had told Brown to tell the police that two men had run in and shot the deceased. Brown later advised the prosecution that the incriminating statement was false and that he would not testify that way if called at the trial. Notwithstanding this forewarning, the prosecution called Brown as its second witness. Brown testified that at the time of the shooting he was in an upstairs apartment. Although he heard a shot, he did not go downstairs to the social club until several minutes later, after the police had already arrived. Brown did testify that on previous occasions he had seen the defendant with a gun of sufficient caliber to have been the murder weapon. Brown also testified that earlier that day, he had seen the defendant leave the club to take a woman to the hospital. Brown did not subsequently see the defendant. The prosecution was then allowed to impeach Brown's credibility by use of the prior inconsistent statement made to the Assistant District Attorney. In addition, that Assistant District Attorney and a police officer were allowed to testify to the prior inconsistent statement. The statement was neither sworn to nor signed, and the witness disputed its authenticity. Under these circumstances, the prosecution was improperly allowed to impeach his own witness in contravention of CPL 60.35. In pertinent part, that section provides: "1. When, upon examination by the party who called him, a witness in a criminal proceeding gives testimony upon a material issue of the case which tends to disprove the position of such party, such party may introduce evidence that such witness has previously made either a written statement signed by him or an oral statement under oath contradictory to such testimony." The requirement that the previous statement be either signed or sworn to is absolute. Here, that requirement was not satisfied and, therefore, evidence concerning such prior statement was improperly admitted. The impeachment was also improper because the precondition that the trial testimony must tend to disprove the party's position, has not been satisfied. The Court of Appeals has recently held that neutral statements do not satisfy this condition *(People v Fitzpatrick,* 40 NY2d 44). While Brown's testimony was materially different than the testimony in the *Fitzpatrick* case (where the witness testified that he did not recall the events), Brown's testimony did not affirmatively damage the case of the prosecution and, therefore, impeachment was improper (see *People v Fitzpatrick, supra,* p 51). Support for this conclusion is found in the trial court's characterization of Brown's testimony as "nothing". This comment was inadequate to cure the substantial prejudice that resulted from the improper impeachment. The trial court's declaration that Brown was a hostile witness does not change this result. The prosecution was completely forewarned of the substance of Brown's testimony and that he would recant the prior inconsistent statement. The prosecution cannot claim surprise and, therefore, the declaration that Brown was a hostile witness was improper (see 2 Wharton, Criminal Evidence [13th ed], § 485). The second error was the failure to allow defense counsel to introduce a written statment signed by Watkins Graham, which was inconsistent with Graham's trial testimony. Graham was the prosecution's chief witness. He testified that he saw the defendant

shoot the deceased. The defendant was allowed to impeach this testimony by use of a prior inconsistent statement, but was not allowed to introduce the statement unless the prosecution was also allowed to introduce the prior consistent Grand Jury testimony. It was error to precondition the admission of competent evidence upon the admission of other evidence. It was also error to reduce the effect of the contradictory statement by refusing its admission (see *Gordon v United States,* 344 US 414; *People v Hill,* 52 AD2d 609). The error is particularly acute because the prior consistent statements were inadmissible regardless of the introduction of the inconsistent statements. Prior consistent statements are normally inadmissible. The argued exception of recent fabrication is not applicable because the motive to falsify existed at the time of the making of the prior consistent statement (see *People v Singer,* 300 NY 120). Therefore, admission of the prior consistent statement would have been improper bolstering of the witness' trial testimony. The above errors require reversal. While the prosecution established a prima facie case, the evidence of guilt was far from overwhelming. The errors were of particular importance because the credibility of the witnesses was necessarily of primary importance in the jury's deliberations. Cohalan, J. P., Rabin, Titone and Hawkins, JJ., concur.