■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY DILLARD, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Sharpe, J. [trial]; Rotker, J. [sentence]), rendered June 21, 1984, convicting him of attempted robbery in the first degree and attempted robbery in the second degree, upon a jury verdict, and imposing sentence.

Judgment reversed, on the law, and a new trial ordered.

Prior consistent statements may not be introduced to bolster the testimony of a witness unless the witness's testimony has been attacked as a recent fabrication; these consistent statements may then be introduced if they were made at a time when there was no motive to falsify *(see, People v Davis,* 44 NY2d 269). Here, there was no charge of recent fabrication on the part of complainant. Therefore, the court improperly allowed the introduction of complainant's Grand Jury testimony by the People. Defense counsel's reading of a small portion of this testimony on cross-examination did not open the door for the People to read the entire testimony detailing

the complainant's account of the defendant's involvement in the attempted robbery on redirect examination (see, People v Torre, 42 NY2d 1036).

The court also erred in permitting the arresting police officer to testify as to the complainant's account of the attempted robbery made at the time of the incident. This statement was clearly hearsay and improperly bolstered the complainant's version of the incident (see, People v Melendez, 55 NY2d 445). Because the defendant's role in the crime was closely contested at trial, this bolstering testimony prejudiced the defendant and the error cannot be considered harmless.

Additionally, the Trial Judge's interjections into the proceedings and his disparagement of defense counsel's conduct, in effect, denied the defendant his constitutional right to a fair and impartial trial (see, People v De Jesus, 42 NY2d 519). We have examined the remaining contentions of the defendant and find them to be without merit. Lawrence, J. P., Eiber, Kunzeman and Kooper, JJ., concur.