■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDGARDO VELASQUEZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Matthews, J.), rendered February 15, 1985, convicting him of manslaughter in the first degree, upon a jury verdict, and imposing sentence.

Judgment reversed, on the law, and new trial ordered.

At trial, the prosecution elicited testimony from its own witness that shortly after the crime in question he gave two audiotaped statements to the police. In the first he denied seeing the defendant stab the victim. In the second he claimed to have seen the defendant stab the victim. This second statement was consistent with his testimony at trial.

The trial court erred in allowing the prosecution to introduce a prior inconsistent statement of its own witness (that he had not seen the stabbing) when the witness's testimony at trial did not tend to disprove the prosecution's position or affirmatively damage its case. Such evidence was improperly admitted in violation of CPL 60.35 *(see also, People v Fitzpatrick,* 40 NY2d 44; *People v Jordan,* 59 AD2d 746). The prosecutor's only purpose in introducing such statement was

to elicit from its witness, over objection, repeated testimony that he had lied in making his prior inconsistent statement for fear of retaliation by the defendant. Such testimony was severely prejudicial to the defendant. Moreover, the prejudice to the defendant was compounded by the trial court's error in allowing the witness to testify about his prior consistent statement (that he had seen the stabbing), thereby improperly bolstering his testimony at trial *(see, People v Williams,* 62 AD2d 1026). Therefore, a reversal is required *(see, People v Jordan, supra).* Mollen, P. J., Lazer, Thompson and Kunzeman, JJ., concur.