THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GILBERT ESTELA, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Dufficy, J.), rendered October 25, 1984, convicting him of sexual abuse in the first degree and endangering the welfare of a child, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Cohen, J.), of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The defendant was tried upon charges arising out of the alleged sexual abuse during March 1984 of a seven-year-old child. The evidence at trial established that the defendant had repeatedly invited the victim and his eight-year-old brother to his home where he would touch their genital areas and then give them money or candy. The testimonies of the two boys demonstrated that these incidents occurred repeatedly over the months of March, April and May 1984 until the boys' father became suspicious and notified the police.

The in-court identifications of the defendant by the two infant witnesses were not tainted by the photographic identification procedure conducted by the police. The showing of the photograph of the defendant to the children was merely confirmatory in nature, in that it was performed in order to confirm their previous identifications of the defendant *(see, People v Laguer,* 58 AD2d 610; *see also, People v Gissendanner,* 48 NY2d 543). In any event, the hearing testimony of the two boys clearly established that their in-court identifications were based upon independent sources of knowledge *(see, People v Laguer, supra).*

The decision whether the two children were competent to testify under oath rested primarily with the trial court which had the opportunity to view their manner and demeanor (CPL 60.20 [2]; *see, People v Nisoff,* 36 NY2d 560). We find that the trial court's determination that the two boys were competent to testify under oath was not erroneous. Both children under-

stood the nature of the oath, the difference between telling a lie and telling the truth, and that they would be punished by the Judge, their parents and God if they told a lie *(see, People v Nisoff, supra)*. Furthermore, both children possessed sufficient intelligence to recall the events in question and to relate them in a clear manner.

The evidence adduced at the trial, when viewed in the light most favorable to the prosecution, was legally sufficient to support the guilty verdict *(see, People v Contes,* 60 NY2d 620). The independent corroborative evidence supplied by the testimony of the eight-year-old child tended to establish that the defendant had committed the crimes for which he was convicted and furnished the necessary connection between the defendant and the crimes (Penal Law § 130.16; *see, People v Kohut,* 30 NY2d 183). In particular, it is noted that both children, during their direct testimony, pinpointed the time of the criminal acts as having begun in March 1984 before Easter and as having ended in May 1984. During that period of time, both children were sexually abused numerous times in the defendant's house. Clearly, their testimony established the elements of the crimes as charged in the indictment, and, upon the exercise of our factual review power, we are satisfied that the evidence established the defendant's guilt beyond a reasonable doubt and that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

In addition, the defendant's contention that the crime of sexual abuse in the first degree was not established by the touching of the victim's genital area outside of his clothing is without merit *(see, People v Ditta,* 52 NY2d 657). Moreover, his contention that the evidence failed to establish his intent to receive sexual gratification during the abuse is equally meritless. Viewing the evidence as a whole, it is clear that the defendant's intent to be sexually gratified was established by the fact that he repeatedly invited the children to his house, where he would sit them on his lap and touch their genitalia, and then he would give them candy or money as a reward for their acquiescence and to ensure their secrecy.

The defendant's remaining contentions are unpreserved for appellate review (CPL 470.05 [2]). Thompson, J. P., Brown, Spatt and Sullivan, JJ., concur.