THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD POLHILL, Appellant.

After the presentation of all the evidence in this case, which spanned the course of two days and which consisted primarily of the testimony of one of the victims, the Trial Judge, on a Thursday afternoon, directed the jurors to report to the jury

room at 9:15 A.M. the following Monday. The court explained that at that time, the jurors' lunch orders would be taken and that, between 9:40 A.M. and 9:45 A.M., the jury would be brought up to the courtroom, whereupon summations would commence. On that Monday morning, one of the jurors failed to appear at the appointed hour. At 9:45 A.M., after having waited 15 minutes, the court, observing that it could not "be held up in the continuation of its work", discharged the juror and replaced him with an alternate, over defense counsel's objection. The defendant asserts that the court's action compromised his constitutional right to trial by jury. We agree.

CPL 270.35 provides, in pertinent part, that once a trial jury has been sworn, the court must discharge a juror who "is unable to continue serving by reason of illness or other incapacity, or for any other reason is unavailable for continued service". "Such a decision [is] within the Trial Judge's broad discretion" *(People v Burns,* 118 AD2d 864, 865; *see, People v Washington,* 131 AD2d 118, 120, *lv granted* 70 NY2d 938; *People v Pierce,* 97 AD2d 904), which must be tempered by considerations of the fundamental nature of a defendant's "constitutional right to a trial by a 'particular jury chosen according to law, in whose selection [the defendant] has had a voice' " *(People v Buford,* 69 NY2d 290, 297-298, quoting from *People v Ivery,* 96 AD2d 712).

The trial court's precipitous action of discharging the missing juror after having waited only 15 minutes without first making a "reasonable effort * * * to ascertain the missing juror's whereabouts" *(People v Washington, supra,* at 123) was improper *(see, People v Hewlett,* 133 AD2d 417; *People v Karadimas,* 99 AD2d 652). While, as this court has recently observed, "the objectives of maintaining calendar control and otherwise ensuring the efficient resolution of the court's business are certainly laudable goals" *(People v Rosa,* 138 AD2d 753, 755; *see, People v Washington, supra,* at 122-123; *cf., United States v Domenech,* 476 F2d 1229, 1232, *cert denied* 414 US 840), inasmuch as the juror's absence followed what had already been a three-day recess in the trial of this neither factually nor legally complex case in which, we note, the jury rendered its verdict after deliberating for no more than two hours, the brief delay which would have been occasioned by an inquiry to determine whether the juror was truly incapacitated or otherwise unavailable for continued service should not have been deemed of greater importance than the defendant's constitutional right to trial by a jury in whose selection he had participated. Since such an error is not subject to

harmless error analysis *(People v Anderson,* 70 NY2d 729, 730-731), reversal is mandated.

Further error was committed when the prosecutor was permitted, on direct examination, to inquire of the complainant regarding a prior inconsistent statement which she had made to the police to the effect that the defendant was not the shooter, since the witness's direct testimony did not "tend to disprove" the People's case (CPL 60.35 [3]; *see, People v Fitzpatrick,* 40 NY2d 44). Furthermore, the content of the testimony, in which the witness explained that she had changed her original story implicating the defendant and had made the inconsistent statement exculpating him because she "felt that the children and [her]self were going to be killed" was clearly prejudicial *(see, People v Velasquez,* 122 AD2d 237). Moreover, in eliciting from the witness that she thereafter made a statement consistent with her testimony, i.e., that the defendant was the perpetrator, the prosecutor improperly bolstered the witness's testimony, for it is clear that a party generally may not bolster the testimony of his witness by the use of prior consistent statements except where the testimony of the witness has been assailed as a recent fabrication, a situation which had not yet presented itself *(see, People v Davis,* 44 NY2d 269; *People v Dillard,* 117 AD2d 817).

Finally, inasmuch as the proof of the murder was wholly circumstantial, the trial court erred in denying the defendant's request for a circumstantial evidence charge *(see,* 1 CJI[NY] 9.05; *People v Ford,* 66 NY2d 428; *People v Kennedy,* 47 NY2d 196, *rearg dismissed* 48 NY2d 635).

We have examined the defendant's remaining contentions, including those asserted by the defendant in his supplemental *pro se* brief, and find them to be without merit. Bracken, J. P., Lawrence, Kunzeman and Harwood, JJ., concur.