■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARIEL CARTAGENA, Also Known as LUIS CARTAGENA, Appellant.—Judgment, Supreme Court, Bronx County (Bonnie G. Wittner, J.), rendered March 29, 1988, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and sentencing him to an indeterminate prison term of 1 to 3 years, unanimously affirmed.

Defendant was arrested for the sale to an undercover officer of a quantity of cocaine for $10. In a case where the identity of the defendant was at issue, the defendant seeks reversal because the trial court received in evidence: (1) the purchasing undercover officer's testimony that he made radio transmissions of the defendant's description before and after the arrest; (2) the arresting officer's testimony that he received the description before he and his partner made the arrest; (3) the prior written statement of the arresting officer that the defendant wore brown pants, after both the arresting officer and the undercover officer testified that the defendant had been wearing blue pants; and (4) another prior statement of the arresting officer, introduced on redirect after cross-examination of the color discrepancy, to the effect that the defendant wore blue pants.

The first two issues were not preserved by objection at trial and we decline to reach them. Were we to reach them, in the interest of justice, we would find them to be without merit (see, People v Candelario, 156 AD2d 191).

The trial court should not have admitted into evidence the prior inconsistent statement to the effect that the defendant had been wearing brown pants. The admission of such a statement is governed by CPL 60.35, which requires that the later inconsistent statement have been "damaging" to the party that called the witness (People v Fitzpatrick, 40 NY2d 44, 50) and that the written prior statement have been signed by the witness who made it. Nonetheless, the error was harmless. Despite the defendant's argument on appeal, his trial counsel was not prevented from using the inconsistency in cross-examining the arresting officer. Any prejudice that may have occurred as a result of the People's use of the prior inconsistent statement was not the sort of clear prejudice that justifies reversal on the basis of such an error (see, e.g., People v Polhill, 140 AD2d 462; People v Velasquez, 122 AD2d 237).

We also decline to reverse on the basis of the People's use of a prior consistent statement in the arresting officer's redirect testimony. Although defense counsel's emphasis of the color discrepancy on his cross-examination of the arresting officer cannot clearly be viewed as an attack on the officer's later statement, regarding the blue pants, as a recent fabrication *(see, People v McClean,* 69 NY2d 426, 428), the uncontroverted evidence of identification is so strong and clear that there is no significant probability that the jury would have reached a different result but for the admission of such evidence *(People v Johnson,* 57 NY2d 969). Concur—Kupferman, J. P., Ross, Ellerin, Wallach and Rubin, JJ.