■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD ROUFF, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Belfi, J.), rendered June 23, 1987, convicting him of sodomy in the first degree (three counts) and sexual abuse in the first degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed, and the matter is

remitted to the County Court, Nassau County, for further proceedings pursuant to CPL 460.50 (5).

The defendant stands convicted of sodomizing and sexually abusing his six-year-old nephew while staying at the two-family home of the boy's father (the defendant's brother) on the morning of October 12, 1985. The events took place at 7:00 A.M. according to the uncontroverted, sworn testimony of the complainant. The defendant correctly asserts that the trial court erred in prospectively precluding him from calling witnesses to testify that they did not see the defendant in the home on the day in question. The witnesses were the defendant's brother and sister-in-law, who lived in the downstairs portion of the two-family home. It is clear that the right to present evidence by witnesses of one's own choosing is a fundamental ingredient of due process (see, Jenkins v McKeithen, 395 US 411, 429, reh denied 396 US 869). The testimony of a defendant's witness should never be prospectively excluded as irrelevant unless his or her offer of proof reveals that the evidence is offered in palpable bad faith (see, People v Gilliam, 37 NY2d 722, revg 45 AD2d 744; People v Cuevas, 67 AD2d 219).

We note, however, that the proffered testimony was of weak probative value since there was no assertion in the offer of proof that the witnesses were in the upstairs portion of the house on the day in question or that they were even awake at the time the alleged acts took place. In light of the victim's specific testimony that he was sodomized and sexually abused in the living room of the upstairs portion of the two-family residence in the early morning hours, there was no reasonable possibility that the refusal to admit the proffered testimony, which was of questionable evidentiary value, might have contributed to the conviction. As such, the error was harmless (see, People v Crimmins, 36 NY2d 230).

The defendant's contention that the trial court did not conduct a proper inquiry into whether the victim was competent to be sworn is not preserved for our review (CPL 470.05 [2]), and, in any event, is without merit. The complainant was eight years old when he testified. It is well settled that the decision of whether an infant witness is competent to testify under oath rests primarily with the trial court which had the opportunity to view the child's manner and demeanor (see, People v Estela, 136 AD2d 728). The complainant demonstrated the ability to understand the difference between telling a lie and telling the truth, and said that he would be punished by the court, his parents and God if he told a lie (see,

*People v Estela, supra).* Furthermore, he possessed sufficient intelligence to recall the events in question and to relate them in a clear manner.

Furthermore, the sentence imposed was not excessive *(see, People v Suitte,* 90 AD2d 80, 86).

The defendant's remaining contentions, many of which are unpreserved for appellate review, do not warrant reversal *(see, People v Johnson,* 57 NY2d 969; *cf., People v Burke,* 72 NY2d 833; *People v Jacquin,* 71 NY2d 825; *People v Crimmins,* 36 NY2d 230, *supra).* Lawrence, J. P., Kunzeman and Eiber, JJ., concur.

Harwood J., dissents and votes to reverse the judgment appealed from, and order a new trial, with the following memorandum: Although the crimes of which defendant stands convicted are heinous, and although the evidence adduced is sufficient to establish that defendant committed them, it is my opinion that errors which occurred during the trial were such that the trial cannot be deemed a fair one and that, therefore, the judgment should be reversed and a new trial ordered.

As the majority notes, the defendant was erroneously deprived of his constitutional right to call certain witnesses *(see, People v Gilliam,* 37 NY2d 722). This error, standing alone, may have, as the majority holds, been harmless beyond a reasonable doubt *(see, People v Crimmins,* 36 NY2d 230, 237). It was, however, but one of several fundamental errors in a case where the only direct evidence that crimes were committed and that the defendant was the one who committed them was the testimony of an eight-year-old boy who did not complain of the events on which the prosecution is premised until over a month after the October 12, 1985, date on which the People claimed they occurred.

Because the credibility of the young complainant was here so critical, it was a serious violation of the rules of evidence, which were designed to ensure that only reliable and probative evidence is the basis for a finding of guilt, to allow the complainant's father, who, the jury was made aware, was a police officer, to testify over the defendant's objection that the complainant approached him in November 1985 to "ask [him] something", that the complainant said, *inter alia,* "you're going to get mad at me" and that he said that the defendant "humped me". Assuming, as the People contend, that the "recent outcry" exception to the prohibitions against hearsay applies to cases such as these *(see, People v Ranum,* 122 AD2d 959, 961), in my opinion the exception cannot be used to

justify admission of this hearsay evidence. Not only was the outcry far from recent; its detail went beyond the limited scope of the exception, the purpose of which is simply to show that a prompt complaint was made *(see, People v Rice,* 75 NY2d 929; *Baccio v People,* 41 NY 265; *see also,* Richardson, Evidence § 292 [Prince 10th ed]). The only possible effect of admission of this evidence was to improperly imbue the complainant's testimony with a credence it may not have had on its own *(cf., People v Trowbridge,* 305 NY 471, 477).

Additional error was committed when the trial court conditioned the defense counsel's use for impeachment purposes of portions of a taped conversation between the defendant and a police officer on the admission of other portions of the tape. It is not proper to precondition the admission of competent evidence on the admission of other evidence *(see, People v Jordan,* 59 AD2d 746, 748; *cf., People v Dillard,* 117 AD2d 817). Moreover, the portions admitted over the defense counsel's request for redaction and as a condition for allowing her to demonstrate inconsistency between the officer's trial testimony on several crucial points with his statements made during the taped conversation did not tend to explain or limit the inconsistencies *(cf., People v Torre,* 42 NY2d 1036, 1037) but rather impermissibly bolstered the complainant's testimony *(cf., People v Trowbridge, supra)* and improperly insinuated that the defendant was guilty of unconnected, uncharged crimes *(cf., People v Vails,* 43 NY2d 364, 368; *People v Molineux,* 168 NY 264). Another similar error was committed when, on cross-examination of a defense investigator who testified as to a prior inconsistent statement made by the complainant's father, the People were allowed to elicit parts of the conversations that went far beyond the scope of the inconsistencies to which the investigator testified on direct examination.

As the People concede, it was error for the trial court to refuse to grant the defendant's request for a missing witness charge with respect to a police officer who could have clarified crucial conflicts in the evidence as to whether and to what extent the defendant admitted engaging in sexual contact with the complainant in October 1985 *(see, e.g., People v Gonzalez,* 68 NY2d 424). In my view, this error, when joined with those already noted, so tainted the verdict *(see, People v Crimmins,* 36 NY2d 230, 242, *supra)* as to require reversal and a new trial, regardless of whether, as the majority holds, the proof of guilt was overwhelming.