■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGEL RIOS, Appellant. [595 NYS2d 524] —Appeal by the defendant from two judgments of the Supreme Court, Kings County (Greenberg, J.), both rendered August 12, 1988, convicting him of rape in the first degree (three counts) and sodomy in the first degree (six counts) under Indictment No. 2827/87, and endangering the welfare of a child (two counts) and sodomy in the first degree under Indictment No. 7240/87, upon a jury verdict, and imposing sentences.

Ordered that the judgments are affirmed.

Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]).

We agree with the defendant that it was error for the People to display to the jury the six-year-old complainant, who did not testify at trial, since this display was more prejudicial than probative of the issue of forcible compulsion. Nevertheless, we find that because of the overwhelming proof of the defendant's guilt, the error was harmless *(see, People v Crimmins,* 36 NY2d 230, 241-242).

The defendant failed to preserve for appellate review his claim that the court erred in allowing the eight-year-old complainant to give sworn testimony *(see,* CPL 470.05 [2]; *see also, People v Rouff,* 163 AD2d 338, 339). In any event, we find that the trial court did not improvidently exercise its discretion in permitting the eight-year-old complainant to testify under oath *(see, People v Allen,* 172 AD2d 542, 543-544; *People v Rouff, supra,* at 339-340; *see also, People v Estela,* 136 AD2d 728, 728-729).

The sentence imposed was not excessive *(see, People v Suitte,* 90 AD2d 80).

We have considered the defendant's remaining contentions, including those raised in his *pro se* supplemental brief, and find them to be either unpreserved for appellate review or without merit. Bracken, J. P., Balletta, Eiber and Santucci, JJ., concur.