■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROLAND TUCKER, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Vaughn, J.), rendered September 16, 1982, convicting him of murder in the second degree and attempted robbery in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial (Tanenbaum, J.), after a hearing, of

those branches of defendant's motion which were to suppress certain statements and identification testimony.

Ordered that the judgment is affirmed.

The defendant claims that the hearing court erred in allowing Suffolk County detectives to testify to the contents of a telephone conversation between the defendant, who was in the detectives' presence in the police station, and his girlfriend, in which the defendant allegedly admitted his involvement in the crime. The defendant argues that the detectives' actions in interrogating him and eliciting a confession followed by their urging him to call a family member were part of a single course of conduct. The hearing court suppressed the defendant's statements to the police as taken in violation of his right to counsel because he was represented in some other pending criminal cases (see, People v Bartolomeo, 53 NY2d 225), but did not suppress the defendant's telephone call admission. The defendant argues that these admissions were the product of the foregoing police conduct and were not spontaneous.

We find that none of the police conduct, including the preceding interrogation, violated the defendant's constitutional rights. The Court of Appeals has ruled that when the police are aware that a defendant has other charges pending against him, they are required only to ask if he is represented by counsel. If the defendant replies in the negative and it is reasonable to believe this denial, the police have no further obligation to ascertain whether the defendant is represented (People v Lucarano, 61 NY2d 138, rearg denied sub nom. People v Walker, 62 NY2d 803; People v Perro, 121 AD2d 572, lv denied 68 NY2d 916). Here, the detectives thoroughly inquired as to whether the defendant was represented by counsel in the other pending cases and the defendant insisted he was not, even after several repetitions and clarifications of the question. We find the defendant's statements were otherwise voluntary and made after the giving of proper warnings, and hence the admissions contained in the telephone conversation were properly admitted into evidence at trial.

The trial court erred in failing to give curative instructions in two instances. The first instance involved an emotional outburst by the sole identification witness for the People, in which she exclaimed her certainty that the defendant was the perpetrator. The court has an obligation to ensure a fair trial and to take prompt curative action such as admonishing the speaker and instructing the jury to disregard the remark even

in the absence of a specific request by the defense (see generally, People v Gonzalez, 38 NY2d 208, 210; People v Marcelin, 23 AD2d 368, 370). The second instance involved an improper comment at the end of the prosecutor's summation in which he stated that the victim's family and the People had the right to a verdict of guilty. However, the evidence of defendant's guilt was overwhelming. Moreover, the over-all tenor of the trial and summation was properly focused on an objective evaluation of the evidence and the trial was fairly conducted. Accordingly, these errors were harmless (see, People v Crimmins, 36 NY2d 230).

We have examined the defendant's remaining contentions and find them to be without merit. Weinstein, J. P., Rubin, Kunzeman and Kooper, JJ., concur.