■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v C. JAMES LOMBARDI, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Seidell, J.), rendered April 13, 1984, convicting him of sodomy in the first degree (two counts), and assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered; findings of fact have been considered and are determined to be established.

The complainant's co-worker, sister-in-law, and brother, were properly permitted to testify as to the fact that the complainant told them that she had been sexually attacked, since the complainant's disclosure was made as soon as a suitable opportunity to do so was furnished *(see, People v O'Sullivan,* 104 NY 481; *Baccio v People,* 41 NY 265; *People v Gonzalez,* 131 AD2d 873, *lv denied* 70 NY2d 800). However,

the trial court erred when it permitted each of these witnesses to testify, over objection, as to the details of the incident as they were related to them by the complainant *(see, People v Ranum,* 122 AD2d 959, 961; *People v Derrick,* 96 AD2d 600; *People v Vicaretti,* 54 AD2d 236). Though the court did instruct the jury that the testimony was being offered only for the fact that the complainant's statements were made and not for their truth, this instruction did not cure the infirmity because it was inadequate to dispel the prejudicial effect of the testimony in question, tending as it did to improperly bolster the complainant's testimony. Furthermore, in this case the primary issue was whether the sexual conduct in question was consensual. The evidence presented a sharp question of credibility, and since the evidence of guilt was not overwhelming, the error in admitting the testimony from other witnesses as to the details of the incident as related by the complainant cannot be deemed harmless.

We have reviewed the remaining issues raised by the defendant and find them to be without merit. Bracken, J. P., Kunzeman, Eiber and Harwood, JJ., concur.