■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEAN CELESTIN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Owens, J.), rendered July 13, 1983, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is reversed, on the law, and a new trial is ordered. The facts have been considered and determined to have been established.

Although the evidence was legally sufficient to establish the defendant's guilt beyond a reasonable doubt, reversal of the judgment is required because the court discharged a juror without first causing an inquiry to be made to determine whether the juror was unavailable for continued service *(see,* CPL 270.35). The record reveals that jury selection had been completed on Friday, June 10, 1983, when a juror informed the court that she wanted to attend the funeral of her friend's mother, at 10:00 A.M. on the following Monday. She estimated that the funeral would last about an hour. The court agreed to

let her go to the funeral and directed her to return to court by 12:00 P.M. (noon) on Monday. The juror agreed. Thereafter, the trial proceeded and after the completion of the testimony of the first witness, the trial was recessed to Monday at 12:00 P.M. (noon). On Monday, the juror failed to appear at the appointed hour. At 12:15 P.M., after having waited 15 minutes, the court ruled, over defense counsel's objection, that the juror would be discharged and replaced with an alternate. The defendant contends that he was thereby deprived of his right to a jury of his choice. We agree.

In order to safeguard a defendant's right to be tried by a jury in whose selection he has had a voice, the court, prior to replacing a trial juror who may be unavailable for continued service, must make "a reasonably thorough inquiry and recitation on the record of the facts and reasons for invoking the statutory authorization of discharging and replacing a juror based on continued unavailability. This requires a reasonable attempt to ascertain where the absent juror is, why the juror is absent, and when the juror will be present" *(People v Page,* 72 NY2d 69, 73). At bar, the trial court did not make any inquiry or findings before replacing the juror, and relied instead on speculation, based on the previous Friday's colloquy, that the juror had attended the funeral and remained thereat. Inasmuch as the juror's absence followed a two-day recess in the trial, a brief delay at the time of her absence while a reasonable attempt was made to determine her availability would not have impeded the "orderly, fair and prompt progress of [the] trial" *(People v Page, supra,* at 73). Accordingly, the court's discharge of the missing juror without first causing an inquiry to be made to determine whether the juror was unavailable for continued service was error as a matter of law *(see; People v Polhill,* 140 AD2d 462; *People v Hewlett,* 133 AD2d 417).

Because there must be a retrial in this matter, we address as well the defendant's contention that the identification testimony should have been suppressed. The hearing record supports the court's finding that neither the photographic identification nor the lineup procedure were impermissibly suggestive or conducive to irreparable misidentification. Even assuming, arguendo, that the photographic identification was suggestive, the lineup identification, conducted approximately six months later, was sufficiently attenuated and was not itself suggestive *(see, People v Floyd,* 122 AD2d 71).

We note also that certain errors in the charge should be avoided on retrial. First, instructing the jury as to the mean-

ing of the term reasonable doubt, the trial court improperly charged the jurors that "if your minds are wavering", the benefit of the doubt must be given to the defendant *(see, People v Smith,* 121 AD2d 411). Second, the court's charge with respect to the defendant's alibi defense did not unequivocally convey to the jury the People's burden of disproving an alibi beyond a reasonable doubt *(see, People v Victor,* 62 NY2d 374; *People v Munson,* 138 AD2d 530).

We have considered the defendant's remaining contentions and find them to be unpreserved for appellate review or without merit. Thompson, J. P., Bracken, Brown and Harwood, JJ., concur.