■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DELANO TAYLOR, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Sullivan, J.), rendered November 10, 1983, convicting him of murder in the second degree (two counts), attempted murder in the second degree, and robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered. The facts have been considered and are determined to have been established.

We find that the trial court committed reversible error by submitting to the jury, over the defense counsel's objection, a verdict sheet containing not only the crimes charged and the possible verdicts thereon *(see,* CPL 310.20 [2]), but also certain elements of those charges *(see, People v Nimmons,* 72 NY2d 830; *People v Owens,* 69 NY2d 585; *People v Gillispie,* 144 AD2d 482). We further find that the trial court improvidently exercised its discretion in discharging two members of the jury without first conducting "a reasonably thorough inquiry and recitation on the record of the facts and reasons for invoking the statutory authorization of discharging and replacing [the jurors] based on continued unavailability" *(People*

*v Page,* 72 NY2d 69, 73; *People v Polhill,* 140 AD2d 462; *People v Hewlett,* 133 AD2d 417). Therefore, the defendant's conviction must be reversed and a new trial ordered.

We have examined the defendant's remaining contentions and find them to be without merit. Brown, J. P., and Eiber, J., concur.

Rosenblatt, J., concurs in the result only, with the following memorandum, in which Kooper, J., concurs. I concur in the result as to the retroactive application of *People v Nimmons* (72 NY2d 830) on constraint of earlier cases decided by this court *(see, e.g., People v Valle,* 143 AD2d 160; *People v Testa-verde,* 143 AD2d 208).