■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NICASIO SANTIAGO, Appellant.—Judgment, Supreme Court, New York County (Edwin Torres, J.), rendered on August 4,

1988, convicting defendant, after a jury trial, of attempted aggravated assault on a parole officer, criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree and reckless endangerment in the first degree, and sentencing him to concurrent indeterminate terms of imprisonment of from 5 to 15 years on the attempted aggravated assault count and the second degree criminal possession of a weapon count and from 2⅓ to 7 years on the third degree criminal possession of a weapon count and the first degree reckless endangerment count, unanimously affirmed.

Defendant, using a .357 magnum, fired two shots at two civilian witnesses and one shot at a police officer on a public street. At trial defendant testified that he fired the gun in the air to frighten away four men who had robbed him and were following him. On cross-examination the prosecutor asked defendant whether he had told the police his version of what happened when he was arrested. On summation, the prosecutor referred to defendant's story as "outlandish", in part because he never told the police he was a crime victim.

The court erred in permitting defendant's postarrest silence to be used to impeach his credibility. *(People v Pavao,* 59 NY2d 282, 292.) An individual's pretrial silence is of extremely limited probative use *(People v Conyers,* 52 NY2d 454; *People v Carter,* 149 AD2d 83) since there are many reasons "attributable to a variety of innocent circumstances that are completely unrelated to the truth or falsity of his testimony" why a defendant may not come forward. *(People v Conyers, supra,* at 458.) We find, however, any error in this regard to be harmless in view of the overwhelming evidence of guilt. *(People v Crimmins,* 36 NY2d 230.) Four eyewitnesses observed defendant aiming his gun and firing at two civilians, as well as shooting at a uniformed police officer. When he was arrested he was in possession of the gun as well as eight live rounds of ammunition. Moreover, the prosecutor properly brought out that defendant had neither called out to passersby that someone was trying to rob him nor telephoned the police when he was allegedly being pursued by four men with a gun.

We do not find that the sentence imposed was unduly harsh or severe. Taking into account "among other things, the crime charged, the particular circumstances of the individual before the court and the purpose of a penal sanction", we perceive no abuse of discretion warranting a reduction in sentence. *(People*

*v Farrar,* 52 NY2d 302, 305.) Concur—Sullivan, J. P., Ross, Ellerin, Wallach and Smith, JJ.