(March 7, 1991)

■ The People of the State of New York, Respondent, v Charles Dickerson, Appellant.—Judgment, Supreme Court, Bronx County (Solomon Katz, J.), rendered December 17, 1985, convicting defendant, after a jury trial, of manslaughter in the first degree and criminal possession of a weapon in the second degree, and sentencing him as a persistent violent felony offender to concurrent prison terms of 18 years to life, unanimously affirmed.

Any error with respect to the admission into evidence of defendant's post arrest silence was unpreserved and we decline to reach it. Were we to reach it however, we would find it harmless in view of the overwhelming evidence of guilt. *(People v Crimmins,* 36 NY2d 230; *People v Santiago,* 160 AD2d 639.)￼Several eyewitnesses testified that defendant had been in a fight with the victim at a party, and that defendant told him that he wanted to go downstairs to finish it. Shortly thereafter, defendant caught up to the victim on the street, and in the presence of another witness, renewed the argument, pulled out a gun and said, "I shoot you motherf_____." When the victim responded, "Kill me, motherf_____", defendant shot the victim in the abdomen with his .38 caliber weapon. The medical evidence revealed that the victim eventually died of internal injuries as a result of the shooting some 12 days later. Moreover, all the witnesses testified that defendant was not provoked by the victim.

Although defendant argued that the medical procedures performed on the victim were done negligently, at trial he

made no showing of the gross negligence that is required to establish the existence of a superceding intervening act between the shooting and the death. *(See, People v Eulo,* 63 NY2d 341; *People v Stewart,* 40 NY2d 692.)* Accordingly, the Court properly refused to charge assault in the first degree as a lesser included offense of murder in the second degree, as there was no reasonable view of the evidence which would support a finding of guilt on the lesser included offense of assault, but not murder. *(See, People v Glover,* 57 NY2d 61; *People v Nieves,* 136 AD2d 250.)*

Defendant's claim that the six instructions given to the jury directing them not to speculate as to defendant's street name unfairly emphasized its exclusion from trial, was not preserved for appellate review as a matter of law. Were we to consider it in the interest of justice, we would nonetheless affirm, finding it to be without merit. Concur—Murphy, P. J., Milonas, Ross and Asch, JJ.