■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES GUINE, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Baker, J.), rendered March 1, 1990, convicting him of criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fourth degree, and resisting arrest, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered. The facts have been considered and determined to have been established.

The defendant argues that this court should vacate his judgment of conviction, grant his pretrial motion to suppress evidence on the basis that there was no probable cause for his arrest, and dismiss the indictment. In the alternative, he contends that the judgment of conviction should be reversed and a new trial ordered because of the court's improper discharge of a sworn juror.

Contrary to the defendant's contention, probable cause existed for his arrest. An experienced police officer initially observed the defendant in a location known for drug trafficking, holding a clear plastic bag of what appeared to be crack-cocaine. Upon his arrest a short time later, twelve bags of crack-cocaine were removed from his pocket. In an analogous case, this court affirmed the trial court's denial of suppression of narcotics recovered from a defendant, reasoning that "[t]he officer's observation of contraband in plain view on a public street corner provided probable cause for seizure of the bag and the defendant's arrest" (People v Smith, 143 AD2d 109, 110; see, People v McRay, 51 NY2d 594).

We conclude, however, that there must be a new trial because of the court's improper discharge of a sworn juror. During the trial, a sworn juror informed the court that he wanted to be absent from the proceedings the next morning because of a crisis at his place of employment. The court proceeded to discharge the juror and replace him with an alternate without conducting the "reasonably thorough inquiry and recitation on the record of the facts and reasons for invoking the statutory authorization [CPL 270.35] of discharging and replacing a juror based on continued unavailability"

(People v Page, 72 NY2d 69, 73; see, People v Thomas, 147 AD2d 598, 599). In fact, the court made no inquiry of the juror at all, nor did it heed defense counsel's suggestion to do so. Since such error is not subject to harmless error analysis (see, People v Anderson, 70 NY2d 729, 730-731; People v John, 163 AD2d 534; People v Marchese, 158 AD2d 473, 475), we agree with the defendant, and with the prosecutor's acknowledgement, that the judgment of conviction should be reversed and a new trial ordered. Brown, J. P., Kunzeman, Harwood and Rosenblatt, JJ., concur.