■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT J. MILLER, Also Known as STARBORN, Appellant.— Weiss, J. Appeal from a judgment of the Supreme Court (Harris, J.), rendered June 13, 1990 in Rensselaer County, upon a verdict convicting defendant of the crimes of criminal sale of a controlled substance in the third degree (two counts) and criminal possession of a controlled substance in the third degree (two counts).

Defendant was indicted on two counts of criminal sale of a controlled substance in the third degree and two counts of criminal possession of a controlled substance in the third degree. The possession charges related to the respective sales. The alleged sales occurred 10 minutes apart during the afternoon of May 18, 1988 in a stairwell at the Ahern Apartments in the City of Troy, Rensselaer County. The purchaser was State Police Investigator Willie Parker.

At trial, Parker testified that he was at the Ahern Apartments on an undercover assignment. He arrived in Troy between 11:00 A.M. and 11:30 A.M., and remained in Troy until 5:00 P.M. or 5:30 P.M. The subject purchases were made at 3:40 P.M. and 3:50 P.M. and involved a single 1/16-ounce bag and four 1/16-ounce bags, respectively. Parker placed the purchases in the pockets of his denim jeans. Parker testified that he made other purchases during the day involving an estimated total of at least seven or eight 1/16-ounce bags and that he kept the various purchases in separate pockets. Significantly, Parker conceded that he had only four pockets. The bags were not marked until Parker returned to his State Police barracks, at which time he tagged and labeled them. Parker testified that he had only seen defendant previously on two or three occasions. A confidential informant accompanied Parker during the purchases and identified the person selling the drugs as "Starborn". The purchases were negotiated outside the Ahern Apartments by Parker with other individuals and thereafter on each occasion Parker, the informant and the individual with whom they negotiated would enter the stairwell of the apartment building where in a short transaction the purchase was made from Starborn. Parker identified defendant during the trial as the person who sold the drugs to him.

Defendant testified that he did not make any sales to Parker and that he had never seen him before. He further testified that on the day in question he was in New Jersey on his honeymoon and was staying at the home of Robert Burton, his brother-in-law. Both defendant's wife and Burton corroborated the fact that defendant was in New Jersey on the day

and afternoon in question as well as on preceding and subsequent days.

After twice reporting that it was deadlocked, and after lengthy deliberations, the jury convicted defendant on all four counts of the indictment. He was sentenced to three concurrent 8⅓ to 25-year terms of imprisonment on the possession convictions and the first sale conviction, and to a consecutive 8⅓ to 25-year term on the conviction for the second sale.

On this appeal, defendant first contends that the packets alleged to have been purchased were improperly admitted into evidence because their authenticity was not established. Defendant argues, and we agree, that neither reasonable assurance of identity nor unchanged condition of the packages exists here (see, People v Julian, 41 NY2d 340, 343). Parker's testimony was insufficient to establish that the packages from the two sales by defendant were not commingled with the other purchases or even mixed among themselves. He testified to a total of five packages purchased from defendant and at least three additional packages from other purchases. He would have had at least eight packages in all from five separate purchases, which could not possibly have been segregated in four pockets absent some marking or other event, not evident in this record. Parker's estimations as to the number of purchases and packages are not reliable indicators of the actual number (see, People v Ruiz, 162 AD2d 350), and the jury was left to speculate as to whether the packets in evidence were the ones purchased from defendant. We find that Parker's testimony is legally insufficient to establish that the packets offered into evidence were those involved in the alleged crimes (see, People v Julian, supra; see also, People v Gamble, 94 AD2d 960). The failure to separate and segregate the evidence, or otherwise specifically provide for distinct identification thereof, alone renders the packets inadmissible.

Moreover, although Parker testified that at the police barracks he sealed the packets from the respective purchases in plastic bags, undated State Police business records indicated that the second purchase, as received by the State Police laboratory, was sealed by a different police officer. While the record indicates that Parker witnessed this bag sealing, it also indicates that it was not transmitted to the laboratory until two weeks after the first purchase. The record reveals no explanation or clarification of the possession by the other officer or of his role in connection with the evidence prior to it being sealed and why it was treated differently. This gap in the chain of custody, while subject to possible innocent and

simple explanations, nevertheless fails to provide reasonable assurance of the identity and unchanged condition of the four bags. The conviction must therefore be reversed and the indictment dismissed.

Finally, although our resolution of the previous issue makes it unnecessary to reach the many other issues raised by defendant, we cannot condone the prosecutor's comments made in summation. Defendant contends, and we agree, that the People's closing statements were improper and that the prosecutor's misconduct in distorting the evidence *(see, People v Hicks,* 102 AD2d 173), misstating the law on the burden of proof, commenting on material not in evidence, defaming the defense's position *(see, People v Ortiz,* 125 AD2d 502, 503), and essentially all but calling the defense witnesses liars while unabashedly vouching for the police testimony *(see, People v Marks,* 6 NY2d 67; *People v Clark,* 120 AD2d 542, 544), exceeded all bounds of fair comment. The cumulative effect of this conduct deprived defendant of a fair trial.

Casey, J. P., Mikoll, Levine and Crew III, JJ., concur. Ordered that the judgment is reversed, on the law, and the indictment dismissed.