■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GLENN DAVIS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Friedmann, J.), rendered February 13, 1990, convicting him of criminal sale of a controlled substance in the third degree and resisting arrest, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a

new trial is ordered. No questions of fact have been raised or considered.

The defendant was convicted of selling two vials of crack cocaine to an undercover police officer during a "buy and bust" drug operation.

We are constrained to reverse the judgment of conviction, since the trial court improvidently exercised its discretion in discharging a sworn juror without first conducting "a reasonably thorough inquiry and recitation on the record of the facts and reasons for invoking the statutory authorization of discharging and replacing [the] juror based on continued unavailability" *(People v Page,* 72 NY2d 69, 73; CPL 270.35; *People v Taylor,* 154 AD2d 634, *affd* 76 NY2d 873).

Opening statements were given on Thursday, January 18, 1990, and the case was adjourned to Friday, January 19, 1990. When the court reconvened, the court discharged a juror and replaced her with an alternate on the basis of a representation of a court clerk that the missing juror had a medical emergency and was waiting to take her child to the hospital. Despite the defense counsel's request, the court declined to make further inquiry to ascertain if the juror would have been available later that afternoon or on the following Monday. Given that the situation arose on a Friday, at a point in the proceedings when only opening statements had been given, a brief delay to determine the juror's availability would not have impeded the "orderly, fair and prompt progress of [the] trial" *(People v Page, supra,* at 73). The brief delay which would have been occasioned by an inquiry to determine whether the juror was truly incapacitated or otherwise unavailable for continued service should not have been deemed of greater importance than the defendant's constitutional right to trial by a jury in whose selection he had participated *(see, People v Polhill,* 140 AD2d 462). The court's discharge of the missing juror without an adequate inquiry to determine whether the juror was unavailable for continued service was error "as a matter of law" *(see, People v Celestin,* 150 AD2d 385, 386; *People v Page, supra; People v John,* 163 AD2d 534; *People v Polhill, supra; People v Guine,* 173 AD2d 849), which is not subject to harmless error analysis *(see, People v Rodriguez,* 166 AD2d 618).

We further find that the court's failure to charge the defense of agency, upon timely request by the defendant, amounted to reversible error. It is well settled that "one who acts solely as the agent of a purchaser of narcotics cannot be convicted of the crime of criminal sale of a controlled sub-

stance" *(People v Roche,* 45 NY2d 78, 81, *cert denied* 439 US 958). Whether a defendant acted as an agent of the buyer or as a seller in a drug transaction is "a factual question for the jury to resolve on the circumstances of [a] particular case" *(People v Lam Lek Chong,* 45 NY2d 64, 74, *cert denied* 439 US 958). If, viewing the evidence in a light most favorable to the defendant, " 'some evidence, however slight * * * support[s] the inference that the supposed agent was acting, in effect, as an extension of the buyer' ", upon a timely request the court should instruct the jury on the agency defense *(People v Ortiz,* 76 NY2d 446, 448, *amended on other grounds* 77 NY2d 821; *People v Argibay,* 45 NY2d 45, 55, *cert denied sub nom. Hahn-DiGuiseppe v New York,* 439 US 930). Viewing the evidence in the light most favorable to the defendant, we find that a reasonable view of the evidence supports the defendant's contention that he was acting as an agent of the buyer *(see, People v Kirk,* 143 AD2d 683). Mangano, P. J., Harwood, Eiber and O'Brien, JJ., concur.