■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEWART DOBY, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County (Friedmann, J.), rendered February 26, 1990, convicting him of criminal sale of a controlled substance in the third degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was jointly tried with his codefendant Glenn Davis, and both were convicted after trial. We have reversed the conviction of the codefendant Davis on the ground, *inter alia,* that the trial court improperly discharged a juror without proper inquiry *(see, People v Davis,* 178 AD2d 424 [decided herewith]). However, that issue is unavailing to the defendant herein. The record indicates that the defendant's counsel was present during the colloquy and the trial court's ruling on this issue and, in contrast to the codefendant's counsel, registered no objection to the court's ruling. Accordingly, the defendant herein has not preserved this issue for appellate review (CPL 470.05 [2]). Indeed, it appears that the defendant's counsel's failure to object was a matter of trial strategy and, under the circumstances, reversal in the exercise of our interest of justice jurisdiction is unwarranted *(see,* CPL 470.15 [6]).

The defendant argues that his motion for a separate trial should have been granted. We disagree. The defendant's motion was not timely made, i.e., within 45 days after arraignment (CPL 255.10 [1] [g]; 255.20 [1], [3]), and the defense counsel failed to demonstrate good cause for the delay. Accordingly, the trial court properly exercised its discretion in denying the motion *(see, People v Rogers,* 156 AD2d 598, 600). In any event, under the circumstances presented *(see, People v Davis, supra),* the defendant did not demonstrate that his defense was in irreconcilable conflict with that of his codefendant Davis and that there was a significant danger that a conflict would lead the jury to infer the defendant's guilt *(People v Mahboubian,* 74 NY2d 174, 178; *cf., People v Cardwell,* 78 NY2d 996).

We have reviewed the defendant's remaining contentions and find them to be without merit *(see, People v Glaude,* 176 AD2d 346; *People v Perez,* 132 AD2d 579; *People v Gonzalez,* 68 NY2d 424, 427; *People v Garcia,* 172 AD2d 770; *People v Chalmars,* 176 AD2d 239). Mangano, P. J., Harwood, Eiber and O'Brien, JJ., concur.