■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VINCENT RUIZ, Appellant.—Judgment, Supreme Court, Bronx County (Herbert Shapiro, J.), rendered June 22, 1988, convicting defendant, after a jury trial, of attempted rape in the first degree and assault in the second degree and sentencing him, as a violent felony offender, to concurrent, indeterminate terms of imprisonment of from six to twelve years and three to six years, respectively, unanimously affirmed.

Defendant dragged the complainant to an abandoned lot, beat her head against concrete steps several times, and attempted to rape her. Responding to a woman's screams, police officers saw defendant, approximately 20 feet away, with bare buttocks and red sweat pants pulled down below his knees, lying on top of another person. As they exited their vehicle, the officers saw defendant standing over the screaming complainant, between her legs, pulling up his pants, as she lay on her back with her pants down.

Defendant's argument that the prosecutor improperly elicited defendant's post arrest silence is unpreserved for appellate review and we decline to exercise our interest of justice jurisdiction to reach it. (See, People v Dickerson, 171 AD2d 422, lv denied 77 NY2d 994.) If we were to reach the issue, we would find it to be without merit, since the fact that defendant chose not to answer questions after receiving Miranda warnings was relevant in establishing the context of the inculpatory statements that he did make.

Defendant's other argument that the prosecutor's summation deprived him of a fair trial is, for the most part, unpreserved for appellate review (CPL 470.05 [2]). Defendant's preserved objection to the prosecutor's mischaracterization of his defense as an attack on the complainant's character does not warrant reversal given the overwhelming evidence of guilt. We would however, be remiss if we did not express our strong disapproval of the prosecutor's comment that, in summation, defense counsel referred to the complainant as a "bum" and a "whore". Defense counsel never used such epithets. Indeed, he

portrayed the incident as "[s]imply, man and woman and something goes wrong." There were several other objectionable comments which cannot be justified but, in the circumstances, do not warrant reversal. Why some prosecutors cannot rein in their emotions, especially in non-provocative situations such as summation, is a mystery to us. Nor, from what we can discern, is the prosecutor's lapse due to inexperience. Bombast and invective are no substitutes for skill. Concur— Sullivan, J. P., Kupferman, Ross, Smith and Rubin, JJ.