■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LIONEL WILLIAMS, Appellant.—Judgment of the Supreme Court, New York County (Murray Mogel, J., at trial and suppression hearing), rendered June 1, 1989, convicting defendant of rape in the first degree and assault in the second degree, and sentencing him to concurrent, indeterminate terms of imprisonment of from 6 to 12 years and from 2½ to 5 years, respectively, unanimously affirmed.

Just before noon on June 11, 1987, a dishevelled and upset woman ran up to Officer John Gisonno and told him that she had just been raped. She led Officer Gisonno and Officer Felix Berrios, who joined them, to an apartment located at 313-315 West 115th Street.

The victim recounted to the officers that she had met her assailant, later identified as defendant, at the Salvation Army where she had gone to get help in moving furniture. While there she met defendant, who claimed to have a friend with a truck and invited her to his apartment to use the telephone. Someone had to open the locked lobby door for them because defendant did not have a key. Defendant did, however, have keys to the apartment door. Once inside, defendant put a knife to the victim's throat and forced her to undress. After defendant forced her to orally sodomize him, he ordered her to

remove her tampon and raped her. Defendant then left the room. The victim heard a door slam and, after dressing, ran out into the street where she ultimately encountered Officers Gisonno and Berrios.

The officers were admitted to the building and found the door to the apartment ajar. They proceeded inside under the belief that the perpetrator might still be inside. After they had checked to make sure that the apartment was empty, the victim entered, retrieved a jacket and bra and pointed out her tampon in an ashtray. The officers then left. The superintendent of the building told Officer Berrios that the apartment belonged to defendant's sister.

After the victim was taken to the hospital, two police officers briefly searched the apartment for the knife used in the assault, but none was found. About two hours after the victim first approached the police, defendant returned to the building by taxi, whereupon he was taken into custody. In the course of executing a search warrant, Officer Berrios recovered the tampon and an apparently blood-stained quilt.

Defendant bases his standing to challenge the warrantless entry by the police into the apartment on his status as an overnight guest of his sister. An overnight guest has been held to have a legitimate expectation of privacy and, therefore, standing to challenge a warrantless search or arrest on the premises (see, People v Murray, 169 AD2d 843, lv denied 78 NY2d 1013; see also, Minnesota v Olson, 495 US 91). Supreme Court held that defendant failed to show by a preponderance of the credible evidence that he was a guest and thus lacks standing to challenge the warrantless search conducted by the police. However, on this appeal, the People concede in their brief that appellant has established a reasonable expectation of privacy in his sister's apartment, and any challenge to appellant's standing is thereby waived (see, People v Cruz, 149 AD2d 151, 156).

A warrantless search is presumptively unreasonable except in a narrow range of situations, including exigent circumstances (Payton v New York, 445 US 573, on remand People v Payton, 51 NY2d 169). The factors to be considered in determining whether exigent circumstances exist include: " '(1) the gravity or violent nature of the offense with which the suspect is to be charged; (2) whether the suspect "is reasonably believed to be armed"; (3) "a clear showing of probable cause * * * to believe that the suspect committed the crime"; (4) "strong reason to believe that the suspect is in the premises being entered"; (5) "a likelihood that the suspect will escape if

not swiftly apprehended"; and (6) the peaceful circumstances of the entry' " *(People v Cruz,* 149 AD2d, *supra,* at 160, quoting *United States v Martinez-Gonzalez,* 686 F2d 93, 100, quoting *United States v Reed,* 572 F2d 412, 424, *cert denied sub nom. Goldsmith v United States,* 439 US 913). These enumerated factors merely provide guidelines and do not prescribe a rigid formula *(People v Burr,* 124 AD2d 5, 8, *affd* 70 NY2d 354, *cert denied* 485 US 989).

Supreme Court properly determined that the first entry by the police onto the crime scene was justified by the exigency of the circumstances. Rape is a violent and grave crime. The investigating officers had been informed by the victim that the perpetrator was armed with a knife. There was a clear showing of probable cause based upon the victim's statements which were consistent with her dishevelled appearance. The testimony of the investigating officers shows that they entered the premises in question under the belief that the perpetrator might be in the apartment. The victim testified that, upon leaving the apartment, she dressed in the hallway in fear that defendant was still in the building and might return to the apartment to kill her. Indeed, defendant was apprehended within two hours after the initial search while attempting to enter the building and return to the apartment. It is sufficient that the investigating police officers believed that they were entering the perpetrator's residence, although lacking specific information that he was home at the time *(see, People v Mealer,* 57 NY2d 214, *cert denied* 460 US 1024 [police merely directed to suspect's residence]). Despite the fact that there was no specific evidence showing that appellant was seeking to escape, "there is no indication that he was not seeking to escape" *(People v Green,* 103 AD2d 362, 364). The police peacefully entered the apartment through the front door which had been left ajar.

In weighing all of these factors, Supreme Court properly found that exigent circumstances justified the first warrantless police search of the apartment. The search was conducted in order to locate the suspect. While the investigating officers did notice the tampon and stained quilt, which lay in plain view, these items were not recovered until a search warrant had been obtained. Defendant confuses the exigent circumstance exception with the emergency exception to the presumption against warrantless search. While the instant case may not warrant a finding of emergency, the facts support a finding of exigent circumstances *(see, People v Boyd,* 123 Misc 2d 634, *affd without opn* 127 AD2d 1013). In view of such finding, the

information obtained by the police from observations while in the apartment constitutes a sufficient basis for issuance of a search warrant, and the evidence obtained upon its execution was legally seized.

Appellant's assertion that the prosecutor infringed upon his right to remain silent is unfounded. While it is recognized error to allow testimony regarding a defendant's invocation of his right to remain silent *(People v Von Werne,* 41 NY2d 584), it is harmless error where, as in the instant case, there is overwhelming evidence of guilt *(People v Santiago,* 160 AD2d 639, *lv denied* 76 NY2d 796) and the error is not persistent *(see, People v Von Werne, supra).*

Appellant's claim that he was deprived of a fair trial because the People improperly bolstered their case by introducing five witnesses who repeated the victim's statement that she had been raped is baseless. The witnesses were properly permitted to testify as to the victim's "prompt outcry" following the rape incident which consisted solely of the victim's statement that she had been raped. The repetition of that statement by witnesses does not constitute impermissible bolstering *(see, People v Rice,* 75 NY2d 929 [three police officers testified to description given by complainant of the defendant]).

Defendant's other contentions have been examined and found to be without merit. Concur—Rosenberger, J. P., Ellerin, Wallach, Smith and Rubin, JJ.