■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY BARNES, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Hanophy, J.), rendered June 18, 1990, convicting him of robbery in the first degree, robbery in the second degree (two counts), and unlawful imprisonment in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered. No questions of fact were raised or considered.

On the third day of a four-day trial, after the People had rested, the clerk reported to the court that juror number 8 had called and said that she would not come in that day because she was taking her mother to the hospital. Defense counsel objected to the replacement of the juror. The prosecutor opposed any delay since the defense witness (who had previously testified on behalf of the People) was waiting to testify. The court refused to grant an adjournment and made

no further inquiry to ascertain if the juror would have been available on the following day. We find that the trial court improvidently exercised its discretion in discharging the sworn juror without first conducting a reasonably thorough inquiry to determine whether the juror was unavailable for continued service *(see, People v Page,* 72 NY2d 69; *People v Washington,* 75 NY2d 740; *People v Davis,* 178 AD2d 424; *People v Guine,* 173 AD2d 849). Moreover, the People's assertion that the defense witness would have been inconvenienced by the delay is without merit *(see, People v Watkins,* 157 AD2d 301).

In view of the foregoing, the defendant's remaining contentions need not be addressed. Mangano, P. J., Bracken, Sullivan and Balletta, JJ., concur.