■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD DUNN, Appellant. [601 NYS2d 956] —Appeal by the defendant from (1) a judgment of the Supreme Court, Queens County (Clabby, J.), rendered November 7, 1991, convicting him of robbery in the first degree (two counts), robbery in the second degree (two counts), and robbery in the third degree (two counts), under Indictment No. 4590/90, upon a jury verdict, and imposing sentence, and (2) a judgment of the same court, rendered November 7, 1991, convicting him of criminal sale of a controlled substance in the third degree and resisting arrest, under Indictment No. 10092/91, upon his plea of guilty, and imposing sentence.

Ordered that the judgment rendered November 7, 1991, under Indictment No. 4590/90, is reversed, on the law, and a new trial is ordered; the facts have been considered and determined to have been established; and it is further,

Ordered that the judgment rendered November 7, 1991, under Indictment No. 10092/91, is reversed, on the law, the plea is vacated, and the matter is remitted to the Supreme Court, Queens County, for further proceedings on Indictment No. 10092/91.

The defendant was convicted, upon a jury verdict, under Indictment No. 4590/90, of robbing two individuals at gunpoint in their car.

The judgment of conviction must be reversed since the trial court improvidently exercised its discretion in discharging a sworn juror without first conducting "a reasonably thorough inquiry and recitation on the record of the facts and reasons for invoking the statutory authorization of discharging and replacing [the] juror based on continued unavailability" *(People v Page,* 72 NY2d 69, 73; CPL 270.35; *People v Davis,* 178 AD2d 424).

On the first day of the trial, prior to opening statements, the court indicated that a sworn juror had called the court at 9:00 A.M. and had stated that he was at "Mary Immaculate Hospital" because his son was ill, and that he would not be able to go to court that day. The juror also advised the court that he would call back later in the day with an update. Rather than call Mary Immaculate Hospital, the court called the juror at home at 10:30 A.M. and 11:30 A.M., and received no response. Again, rather than wait until later in the day for the juror's promised update, the court ruled, at 11:45 A.M., that the juror would be replaced by an alternate, and rejected the defense counsel's request for a one-day adjournment. Although the juror never called back that day (an understandable omission in light of a subsequent disclosure that his son had undergone an emergency appendectomy), he did return on the following day. Under the circumstances, any inconvenience caused by a one-day adjournment "to determine whether the juror was truly * * * unavailable for continued service should not have been deemed of greater importance than the defendant's constitutional right to a trial by a jury in whose selection he had participated" *(People v Davis, supra,* at 425). The court's discharge of the missing juror without an adequate inquiry to determine whether the juror was unavailable for continued service was error as a matter of law *(see, People v Celestin,* 150 AD2d 385, 386; *see also, People v Barnes,* 190 AD2d 679).

Moreover, since the defendant's plea of guilty on Indictment No. 10092/91 was induced by the understanding that the sentence would be concurrent with the sentence imposed for his conviction under Indictment No. 4590/90, it must be vacated in light of our disposition of the defendant's robbery convictions *(see, People v Boston,* 75 NY2d 585; *People v Clark,* 45 NY2d 432). Mangano, P. J., Thompson, Pizzuto and Joy, JJ., concur.