■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS GUERRERO, Appellant. [634 NYS2d 125] —Appeal by the defendant from a judgment of the Supreme Court, Queens

County (Finnegan, J.), rendered October 20, 1992, convicting him of criminal sale of a controlled substance in the first degree, criminal sale of a controlled substance in the second degree, and criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

The Supreme Court improvidently exercised its discretion in discharging a sworn juror without first conducting "a reasonably thorough inquiry and recitation on the record of the facts and reasons for invoking the statutory authorization of discharging and replacing [the] juror based on continued unavailability" *(People v Page,* 72 NY2d 69, 73; CPL 270.35). The court's failure to conduct the requisite inquiry constitutes error as a matter of law and is not subject to harmless error analysis *(see, People v Davis,* 178 AD2d 424, 425). As such, reversal is mandated and the defendant is entitled to a new trial.

We further find that under the circumstances of this case, the defendant was not entitled to a *Sandoval* hearing *(see, People v Sandoval,* 34 NY2d 371).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Ritter, J. P., Pizzuto, Santucci and Krausman, JJ., concur.