■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLIFFORD JAMAL, Appellant. [761 NYS2d 874] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (McGann, J.), rendered January 13, 2000, convicting him of robbery in the second degree (six counts), criminal possession of stolen property in the fifth degree, and unauthorized use of a vehicle in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, as a matter of discretion in the interest of justice, and a new trial is ordered.

Initially, we reject the contention raised in the defendant's supplemental pro se brief that his right to a speedy trial was violated (*see* CPL 30.30).

Although the defendant failed to preserve for appellate review his objections to many of the prosecutor's improper comments during summation, we nevertheless reach his claims

with respect thereto in the interest of justice (*see* CPL 470.15 [6] [a]). During summation, the prosecutor inappropriately stated that certain evidence was kept from the jury for "legal reasons," and argued that the grand jury indictment was evidence of the defendant's guilt (*see People v Calabria,* 94 NY2d 519 [2000]; *People v Mejias,* 72 AD2d 570, 571 [1979]). In addition, the prosecutor repeatedly gave his personal opinion as to the truth of the testimony of the People's witnesses and as to the defendant's guilt (*see People v Bailey,* 58 NY2d 272 [1983]).

Finally, the prosecutor referred to the People's evidence as "undisputed," and "[u]ncontroverted," stated that the defendant had "no explanation," "no rational defense," rhetorically asked "[w]hat is the defense, ladies and gentlemen?" and stated that the "People have given you the evidence in this case." These statements were thinly "veiled and improper reference[s] to the defendant's failure to testify, which improperly shifted the burden of proof [to the defendant]" (*People v Smith,* 288 AD2d 496, 497 [2001]). Considering the prosecutor's improper summation comments cumulatively, we agree with the defendant that a new trial is required (*see People v Calabria, supra*).

In light of our determination, we do not reach the defendant's remaining contention. Altman, J.P., McGinity, Luciano and H. Miller, JJ., concur.