■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMEL HEYWARD, Appellant. [854 NYS2d 545]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Aloise, J.), rendered August 4, 2005, convicting him of murder in the second degree and robbery in the first degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that he was deprived of his due process right to a fair trial because the trial court did not instruct the jury to consider the alleged prearraignment delay and false promises made to him when assessing the voluntariness of his statements is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Quinones*, 41 AD3d 868 [2007]; *People v Vasquez*, 11 AD3d 643, 644 [2004]; *People v Lemos*, 244 AD2d 429, 430 [1997]). In any event, this contention is without merit. The record fails to support the claim that law enforcement officials deliberately delayed the defendant's arraignment to procure a confession (*see People v Bryan*, 43 AD3d 447, 448 [2007]). Likewise, the record fails to support the conclusion that the defendant's statements to law enforcement officials were made in response to a false promise of leniency (*see People v Lorandos*, 13 AD3d 394 [2004]; *People v Darvie*, 224 AD2d 442 [1996]). Furthermore, we note that under the circumstances of this case, the charge provided to the jury on assessing the voluntariness of the defendant's statements was sufficient (*see generally People v Watts*, 57 NY2d 299, 301-302 [1982]; *People v Snyder*, 294 AD2d 381, 382 [2002]; *People v Quinones*, 184 AD2d 535, 536 [1992]). Lifson, J.P., Florio, Eng and Chambers, JJ., concur.