■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LYNN ENGSTROM, Appellant. [926 NYS2d 664]—

Ordered that the judgment is reversed, on the law and as a matter of discretion in the interest of justice, and the matter is remitted to the Supreme Court, Nassau County, for a new trial.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt of grand larceny in the second degree, grand larceny in the third degree (two counts), grand larceny in the fourth degree, petit larceny, criminal possession of stolen property in the third degree (two counts), and criminal possession of stolen property in the fourth and fifth degrees, beyond a reasonable doubt. Moreover, upon our independent review pursuant to CPL 470.05 (2), we are satisfied that the verdict of guilt on these convictions was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

However, we find that the cumulative effect of certain errors committed by the trial court deprived the defendant of a fair trial. Although the errors were not all preserved for appellate review, we nevertheless reach the unpreserved issues in the exercise of our interest of justice jurisdiction (*see* CPL 470.15 [3] [c]; *People v Rose*, 223 AD2d 607 [1996]).

The trial court improperly discharged a sworn juror without conducting a sufficient investigation into the juror's unavailability to continue serving. In determining whether discharge of a juror is warranted based on illness, incapacity, or unavailability, the court is required to make a "reasonably thorough inquiry" into the juror's circumstances (CPL 270.35 [2] [a]; *see People v Mebane*, 70 AD3d 724, 725 [2010]). The court's failure to conduct such an inquiry constitutes error as a matter of law and is not subject to harmless error analysis (*see People v Guerrero*, 221 AD2d 465, 466 [1995]; *People v Dunn*, 196 AD2d 828, 829 [1993]; *People v Holston*, 194 AD2d 689, 689 [1993]; *People v Davis*, 178 AD2d 424, 425 [1991]). Here, the record does not establish that the court made the requisite inquiry into the juror's unavailability prior to its discharge of the juror.

Additionally, the trial court's charge to the jury relating to the alleged larceny of valuable antique coins was deficient in that it did not instruct the jury on the defense of "claim of right." Pursuant to Penal Law § 155.15 (1), "[i]n any prosecution for larceny committed by trespassory taking or embezzlement, it is an affirmative defense that the property was appropriated under a claim of right made in good faith." Here, there was a reasonable view of the evidence supporting a claim of right defense with respect to the larceny counts relating to the coins. Contrary to the People's contention, "a good faith claim of right is properly a defense—not an affirmative defense—and thus, 'the people have the burden of disproving such defense beyond a reasonable doubt'" (*People v Zona*, 14 NY3d 488, 492-493 [2010], quoting Penal Law § 25.00 [1]).

The defendant was also prejudiced by the complainant's conduct on the witness stand wherein he made derogatory comments about the defendant which were unrelated and unresponsive to the questions posed. While it was not per se error to deny the defendant's motion for a mistrial based upon the complainant's emotional "outburst," the trial court's perfunctory admonition to the jury to disregard unresponsive answers was inadequate to effectively dispel prejudice to the defendant (*see People v Lombardi*, 139 AD2d 767 [1988]; *People v Tucker*, 133 AD2d 787 [1987]; *cf. People v Heath*, 70 AD3d 857 [2010]; *People v Forte*, 4 AD3d 123 [2004]).

Finally, since the evidence of the defendant's guilt was not overwhelming, the errors at trial cannot be deemed harmless (*see People v Cruz*, 72 AD2d 748 [1979]; *see generally People v Crimmins*, 36 NY2d 230 [1975]; *People v Vargas*, 143 AD2d 699 [1988]). Accordingly, we conclude that the defendant was deprived of her right to a fair trial and, thus, the judgment must be reversed and the matter remitted to the Supreme Court, Nassau County, for a new trial.

In light of our determination, we need not address the defendant's remaining contentions, including the contention raised by the defendant in her pro se supplemental brief. Skelos, J.P., Leventhal, Austin and Sgroi, JJ., concur.