■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ABDUL MATTOCKS, Appellant. [954 NYS2d 210]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Joel Goldberg, J.), rendered October 27, 2010, convicting him of manslaughter in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, as a matter of discretion in the interest of justice, and the matter is remitted to the Supreme Court, Kings County, for a new trial.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish his guilt of manslaugh-

ter in the second degree beyond a reasonable doubt. Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt on the conviction of manslaughter in the second degree was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

However, although the following issues are unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Heyward*, 50 AD3d 699, 700 [2008]; *People v Osorio*, 49 AD3d 562, 563-564 [2008]), upon the exercise of our interest of justice jurisdiction (*see* CPL 470.15 [3] [c]; *People v Broadwater*, 116 AD2d 1022, 1022-1023 [1986]; *see also People v Engstrom*, 86 AD3d 580, 581 [2011]; *People v Barker*, 183 AD2d 835, 835 [1992]), we agree with the defendant that the prosecutor's improper impeachment of her own witness in violation of CPL 60.35 (*see People v Fitzpatrick*, 40 NY2d 44, 51-53 [1976]; *People v Andre*, 185 AD2d 276, 276-277 [1992]; *People v Comer*, 146 AD2d 794, 794-795 [1989]; *cf. People v Faulkner*, 220 AD2d 525, 526 [1995]; *People v Magee*, 128 AD2d 811, 811 [1987]) and her improper use of such impeachment material during summation, together with related errors of the court with respect to the impeachment material, had the cumulative effect of depriving the defendant of his due process right to a fair trial (*see People v Andre*, 185 AD2d at 277-278; *see also People v Engstrom*, 86 AD3d at 581). Accordingly, the judgment must be reversed and the matter remitted to the Supreme Court, Kings County, for a new trial. Dillon, J.P., Austin, Sgroi and Cohen, JJ., concur.