THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ASIM MARTINEZ, Appellant. [9 NYS3d 88]—

Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Rooney, J.), rendered February 26, 2013, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law and as a matter of discretion in the interest of justice, by vacating the conviction of murder in the second degree, vacating the sentence imposed thereon, and remitting the matter to the Supreme Court, Richmond County, for a new trial as to that count of the indictment; as so modified, the judgment is affirmed.

To the extent that some of the defendant's contentions as to the prosecutor's summation comments are unpreserved for appellate review, we reach those contentions in the exercise of our interest of justice jurisdiction (*see* CPL 470.15 [6] [a]). As correctly argued by the defendant, the prosecutor made numerous improper comments on the voir dire questioning of the defendant's expert, on cross-examination of that expert, on cross-examination of another of the defendant's witnesses, and on summation.

The prosecutorial misconduct during the voir dire questioning and cross-examination of the defense's expert included statements that the expert had repeatedly lied to judges in

other cases and during his testimony in the instant case. In addition, the prosecutor presented himself as an unsworn witness at the trial, suggesting that he had been present at the trial of another case at which the defendant's expert had lied. The prosecutor furthermore repeatedly questioned another defense witness about lying. The cumulative effect of this misconduct (*see People v Calabria*, 94 NY2d 519, 523 [2000]; *People v Ashwal*, 39 NY2d 105 [1976]; *People v Brown*, 26 AD3d 392, 393 [2006]; *People v Jamal*, 307 AD2d 267, 268 [2003]; *People v Tolbert*, 198 AD2d 132, 133-134 [1993]; *People v Ruiz*, 181 AD2d 417 [1992]; *People v Miller*, 174 AD2d 901, 903 [1991]; *People v Ivey*, 83 AD2d 788, 789 [1981]) unfairly deprived the defendant of the ability to present his defense of extreme emotional disturbance to the charge of murder in the second degree (*see People v Calabria*, 94 NY2d at 523; *see also People v Riback*, 13 NY3d 416, 423 [2009]; *People v Casanova*, 119 AD3d 976 [2014]; *People v Mehmood*, 112 AD3d 850, 853 [2013]; *People v Mattocks*, 100 AD3d 930 [2012]; *People v Hicks*, 100 AD3d 1379 [2012]; *People v Jamal*, 307 AD2d at 268; *People v Miller*, 174 AD2d at 903).

Therefore, we reverse the defendant's conviction of the charge of murder in the second degree, and grant a new trial on that count (*see People v Crimmins*, 36 NY2d 230 [1975]).

Contrary to the defendant's contention, the prosecutor's conduct constituted harmless error with respect to the defendant's conviction of criminal possession of a weapon in the second degree. The affirmative defense of extreme emotional disturbance was advanced solely with respect to the charge of murder in the second degree and, during his testimony in support of that affirmative defense, the defendant admitted that he possessed the subject weapon during the incident. There was overwhelming evidence of the defendant's guilt of criminal possession of a weapon in the second degree and no significant probability that the jury would have acquitted the defendant had the prosecutor not engaged in the misconduct.

In light of our determination, we need not reach the defendant's remaining contentions. Mastro, J.P., Dickerson, Maltese and Barros, JJ., concur.