People v Veeney (2021 NY Slip Op 04673)





People v Veeney


2021 NY Slip Op 04673


Decided on August 11, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 11, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY
LINDA CHRISTOPHER, JJ.


2015-05409
 (Ind. No. 9608/13)

[*1]The People of the State of New York, respondent,
v
Rodney Veeney, appellant.


Janet E. Sabel, New York, NY (Ellen Dille of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn NY (Leonard Joblove, Keith Dolan, and Marie John-Drigo of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Raymond Guzman, J.), rendered June 4, 2015, convicting him of attempted murder in the second degree, assault in the first degree, attempted assault in the first degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is modified, on the law and as a matter of discretion in the interest of justice, by vacating the conviction of attempted assault in the first degree under count 5 of the indictment, and vacating the sentence imposed thereon; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for a new trial on that count of the indictment.
In 2015, the defendant was convicted, after a jury trial, of attempted murder in the second degree and assault in the first degree against one victim, attempted assault in the first degree against another victim, and criminal possession of a weapon, arising out of two related shooting incidents in Red Hook. The defendant appeals. The defendant's contention that the evidence at trial was legally insufficient to establish the charge of attempted assault in the first degree is unpreserved for appellate review (see CPL 470.05[2]; People v Gray, 86 NY2d 10, 20-21). In any event, when viewed in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), the evidence was legally sufficient to establish the defendant's guilt beyond a reasonable doubt on the count of attempted assault in the first degree (see People v Calas, 134 AD3d 1043, 1045; People v Miles, 158 AD2d 476, 477).
Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt on this count was not against the weight of the evidence (see People v Romero, 7 NY3d 633, 643-644).
Nonetheless, a new trial on the count of attempted assault in the first degree is required as a result of the prosecutor's misconduct on summation. Although the defendant's [*2]contentions in this regard are partially unpreserved for appellate review (see CPL 470.05[2]; People v Ousmane, 183 AD3d 762, 762), we reach the issue in the exercise of our interest of justice jurisdiction (see People v Aziziandavidi, 100 AD3d 765, 766). The prosecutor made a number of improper comments during her summation by improperly vouching for the credibility of the People's witnesses, interjecting sympathy, improperly advising the jurors on the law, and making herself an unsworn witness (see People v Bethea, 159 AD3d 710, 712; People v Irving, 130 AD3d 844, 846). For example, when discussing the charge of attempted assault in the first degree, the prosecutor attempted to explain why no shell casings were recovered by informing the jurors that "unfortunately [the Evidence Crime Team] confine[d] themselves to where the crime scene tape was," although no such evidence exists in the record. Moreover, the prosecutor referred to testimony that had been stricken by the Supreme Court when she told the jury that, during the events on the night at issue, the defendant could have shot one of the witnesses. The prosecutor also informed the jury that the voice of that same witness could be heard screaming on an audio recording of a call to the 911 emergency number. The prosecutor also twice erroneously advised the jury that its credibility determination should be based on, among other things, "what [the jurors] felt" (emphasis added), and, when discussing the credibility of the prosecution's witnesses, instructed the jury that the criminal history of one of the prosecution's witnesses was not relevant to the question of that witness's credibility. Contrary to the People's contention, these errors were not harmless with regard to the conviction of attempted assault in the first degree, because it cannot be said that proof of the defendant's guilt with regard to this count was overwhelming (see People v Crimmins, 36 NY2d 230, 231, 241-242; People v King, 115 AD3d 873, 875).
With regard to the defendant's convictions of attempted murder in the second degree, assault in the first degree, and criminal possession of a weapon in the second degree, however, these errors were harmless. There was overwhelming evidence of the defendant's guilt as to these crimes, and no significant probability that any error in this regard might have contributed to the convictions on those counts (see People v Crimmins, 36 NY2d at 241-242; People v Dixon, 184 AD3d 854, 854; see also People v Martinez, 127 AD3d 1236, 1237).
The sentences imposed for the defendant's conviction of attempted murder in the second degree, assault in the first degree, and criminal possession of a weapon in the second degree were not excessive (see People v Suitte, 90 AD2d 80, 85-86). In light of our determination herein, we need not reach the defendant's contention that the sentence imposed on the conviction for attempted assault in the first degree is excessive.
The defendant's remaining contentions are unpreserved for appellate review and, in any event, without merit.
RIVERA, J.P., HINDS-RADIX, DUFFY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court