*341 OPINION OF THE COURT
Ira B. Warshawsky, J.
The defendant has moved to dismiss this information charging harassment (as a violation).
He contends that the information is not sufficient since it is not supported by verified nonhearsay allegations of a competent witness pursuant to CPL 100.15 (1) and (3) and 100.40 (1) (0.
The supporting affidavit attached to the information is sworn to by the mother of an eight year old who related to her the substance of the incident in question.
Defendant further contends that based upon the foregoing, the People have never been ready for trial since a nonwaivable jurisdictional defect has existed since the onset of the prosecution June 25,1992.
The People responded by moving to amend the information with a new supporting deposition signed by the eight year old (now nine), as well as by his mother and a Detective Bartowski.
In the opening paragraph of the proffered deposition, the complaining witness states he understands the difference between the truth and a lie, and that he knows what an oath is. He further stated that he promised Detective Bartowski he will tell the truth and he knows he will be punished if he tells a lie.
The question now becomes, is this a valid supporting deposition and even if it is, does the defendant’s motion to dismiss still lie pursuant to CPL 30.30?
The defense, in his reply, argues that the People’s answer is actually a cross motion to amend and is faulty due to the fact it has not been served in a timely fashion (CPLR 2215). The court therefore does not have jurisdiction to even entertain the cross motion. Furthermore, the format of the deposition is still defective (CPL 60.20) and the cases cited by the prosecution (and incorrectly cited at that) do not overcome the cases previously cited by the defense.
The cases cited by the prosecution restate the position that it is the court that must determine if a child under 12 years of age is competent to testify under oath (CPL 60.20). The complainant must demonstrate the ability to understand the difference between telling a lie and telling the truth and that he would be punished (by parents, God, Judge) if he told a lie. *342 (People v Estela, 136 AD2d 728 [1988]; People v Nisoff, 36 NY2d 560 [1975]; People v Rosado, 157 AD2d 754 [1990]; People v Rouff, 163 AD2d 338 [1990].)
The defense argues this supports his position that the supporting deposition in the case is defective. It is not sworn to before a Judge and there is no recorded inquiry between the complaining witness and any other party.
He states the only issue that divides the court is the method of proving the competence of a child witness. Some courts have ruled that only a court can make the inquiry (People v Pierre, 140 Misc 2d 623, 629 [1988]), while others have ruled that the District Attorney has the authority to determine the competency of a child witness and file a supporting affidavit with the charge (People v King, 137 Misc 2d 1087, 1090 [1988]). Other courts have ruled they would accept the prosecutor’s examination only if it was on the record and disclosed to the defendant. (People v Soler, 144 Misc 2d 524 [1989]; People v Page, 150 Misc 2d 627 [1991]; People v Phillipe, 142 Misc 2d 574 [1989].)
In People v Hecht (NYLJ, Oct. 30, 1992, at 35, col 4) a Yonkers City Court Judge concluded that the People should bring their witness before the court so that the court can personally determine the child’s ability to verify the complaint or information. He also ruled that CPL 30.30 had been violated since the People could not be ready for trial on an information that was not properly verified.
In the instant case the People have chosen a distinctly different way to qualify their witness. They have had a detective (not an officer of the court) qualify the witness and had the witness recite these qualifications in the deposition. The detective has not stated that the child understands an oath; there is no Assistant District Attorney making the statement and, in fact, there is no oath at all, but the mere recital (preprinted) on the top of the form of the Penal Law § 210.45 notice that a false statement is punishable as a class A misdemeanor.
This court does not intend to place obstacles in the path of the prosecution in bringing charges against those individuals who have allegedly committed crimes against children under the age of 12.
However, the statutes cannot be disregarded merely for the convenience of the prosecutor.
CPL 100.15 (1) states that an information must be verified *343 by a person known as the complainant. "The complainant may be any person having knowledge, whether personal or upon information and belief, of the commission of the offense or offenses charged.”
CPL 100.15 (3) states that "[n]othing contained in this section, however, limits or affects the requirement, prescribed in subdivision one of section 100.40, that in order for an information or a count thereof to be sufficient on its face, every element of the offense charged and the defendant’s commission thereof must be supported by non-hearsay allegations of such information and/or any supporting depositions.”
This section does not require that the supporting deposition be sworn to or verified, but CPL 100.20 does. CPL 100.30 then describes the methods for the verification of an information or a supporting deposition; therefore, there is no doubt that a supporting deposition must be verified.
CPL 100.30 (1) (d) allows the combination of the form notice of Penal Law § 210.45 with a deponent’s signature to constitute verification. This is the method chosen by the prosecution in the instant case. However, the deponent is under the age of 12.
Defense counsel argues against the sufficiency of this method in that there has been no showing that the child understands the Penal Law § 210.45 warning and the court agrees.
The court finds that the method chosen by the prosecution, one which does not comply with any current case law, or statutory references, does not allow the court to determine the ability of a child under 12 years of age to be sworn. The defendant’s motion to dismiss pursuant to CPL 170.30, 100.15 and 100.40 is granted.
What method then would allow the court to determine a child’s ability to be sworn and at the same time neither place the court into the prosecutorial process, nor place unreasonable roadblocks in the paths of the prosecutor?
It is the opinion of this court that a complainant under 12 years of age should be examined by an Assistant District Attorney to determine the child’s ability to understand an oath and the difference between telling the truth and telling a lie (see, CPL 60.20, 190.30 [6] [child witness in Grand Jury]). That the information contain an affirmation from said Assistant District Attorney of his/her findings, and that a stenographic, audio or video recording of the interview with the *344 child be made available for judicial review if there is a challenge to the sufficiency of the information.
The court further finds that it would have denied the speedy trial part of the motion if it had reached that point, concluding that the time was excludable as being necessary to answer defendant’s motions, or at defendant’s request. (People v Worley, 66 NY2d 523 [1985].)
The motion to dismiss is granted.