OPINION OF THE COURT
Anthony L. Parga, J.
Defendant allegedly drove a vehicle without a license plate directly towards an 11-year-old complainant. The defendant’s car ran over complainant’s right foot and, without stopping to render assistance, defendant drove away from the scene. Defendant is currently charged with Vehicle and Traffic Law § 600 (2) (a), leaving the scene of an accident causing personal injury; Vehicle and Traffic Law § 600 (1) (a), leaving the scene of an accident causing property damage; Penal Law § 120.00, assault in the third degree — three counts; Penal Law §§ 110.00, 120.00 (1), attempted assault in the third degree, and Penal Law § 240.26, harassment in the second degree.
Defendant’s motion to dismiss the accusatory instrument for Vehicle and Traffic Law § 600 (1) (a) as defective for lack of supporting depositions is denied. According to the law in effect on August 22, 1996, the date of defendant’s tickets, defendant is entitled to a supporting deposition of the complainant police officer if requested within 30 days of arraignment or service of notice of this right upon defendant when a not guilty plea is *1025 made by mail. (CPL 100.25.) Ordinarily, defendant is arraigned in person, however, there are two situations where arraignment occurs without a personal appearance. The arraignment can occur if defendant pleads not guilty by mail within 48 hours of receiving the ticket or if the court in its discretion and for good cause shown allows defendant to appear by counsel. (Vehicle and Traffic Law § 1806; CPL 170.10 [1] [b], [a].) Here, defendant appeared in person for arraignment on October 24, 1996 but did not request the supporting deposition until February 21, 1997. Defendant’s contention that the 30 days in which the supporting deposition can be demanded runs from counsel’s assignment and appearance is without merit. The statute unequivocally provides that a demand for supporting depositions must be made within 30 days of arraignment. (CPL 100.25; People v Perry, 87 NY2d 353 [1996].) The simplified traffic information is sufficient. (CPL 100.10 [2] [a].) Subsequent appointment of counsel is neither a statutory exception nor a consideration in the disposition of this charge.
Defendant’s motion to dismiss the charges of Penal Law § 120.00 (3) and (2) as multiplicitous is denied. An accusatory instrument is deemed multiplicitous when one offense involving the same conduct is charged in two or more counts. (CPL 200.30 [1].) Here, the crimes charged are not premised on the same subdivision of the same statute. (People v Senisi, 196 AD2d 376 [2d Dept 1994].) Rather, defendant is charged with crimes having separate and distinct intents which will be evaluated at trial.
With respect to the charges of Penal Law § 120.00 (2), (3) and § 240.26 (1), the accusatory instrument contains reasonable cause to believe the defendant committed the offense charged as well as legally sufficient evidence that sets forth a prima facie case. (People v Alejandro, 70 NY2d 133 [1987]; CPL 100.15 [3]; 100.40.)
Defendant’s motion for an order dismissing the accusatory instrument on speedy trial grounds is decided as follows:
This portion of defendant’s motion challenges the charges of Penal Law §§ 240.26, 110.00, 120.00 (1) and three counts of Penal Law § 120.00. The defendant, by moving to dismiss the action on speedy trial grounds, bears the burden of proving that there exist various delays that have resulted in more than the appropriate number of days passed since the commencement of this action. (People v O’Neal, 99 AD2d 844.) Once the defendant has shown a delay greater than the applicable period under CPL 30.30, the People have the burden of proving *1026 that certain periods within the time should be excluded. (People v Berkowitz, 50 NY2d 333.) Here, defendant has met the burden and a hearing shall be held to determine excludable periods. The date for the hearing shall be set at the next conference date for this action, August 4, 1997 in Part 7.
That portion of the motion which seeks to dismiss the charges of Penal Law § 120.00 (1), (2), (3); §§ 110.00, 120.00 (1) and § 240.26 (1) based on a violation of defendant’s due process rights is denied. Specifically, defendant contends that the delay between her arrest on the original charges and the filing of the aforementioned charges is without explanation and establishment of good cause by the People. The court disagrees; the People are under no statutory obligation to explain when charges are filed against a defendant other than the rules of prosecutorial timeliness. (CPL 30.10.)
Defendant also seeks dismissal of all charges on the grounds that the People are "engaging in the practice of discriminatory prosecution”. The procedural history of this case lacks any evidence that the People acted in bad faith or maliciously in seeking to add the new charges. Prosecution for other crimes after failed negotiations for a plea to lesser charges is not necessarily a vindictive prosecutorial act. (People v Jacquin, 71 NY2d 825; see, Bordenkircher v Hayes, 434 US 357, reh denied 435 US 918.) Furthermore, there is no obligation upon the People to prosecute or otherwise have the car passenger interviewed or involved in defendant’s prosecution.
Defendant seeks to have all charges dismissed on the ground that the complaining witness was incompetent to sign the supporting depositions that serve as the basis for these charges. The complaining witness was 11 years old at the time of the alleged incident and at deposition time. The People oppose by noting the defendant was 2 months from his 12th birthday at the time of testimony and that his mother was present at the time and place of the supporting deposition.
In this case there exists the issue of the method by which the statement of an 11-year-old complainant can be verified for the purpose of converting a misdemeanor complaint to an information. The supporting deposition was signed by the 11-year-old complainant as well as his mother and the detective taking the statement. The statement contained a direct and clear inquiry by the detective as to the complainant’s ability to distinguish truth from nontruth. Although this method is a permissible form of verification pursuant to CPL 100.30 (1) (b), the question remains if it is appropriate when the complainant *1027 is 11 years old. The Court of Appeals has held that unsworn statements of a child are acceptable as a necessary factual basis for probable cause for issuance of a search warrant. (People v Hetrick, 80 NY2d 344.) However, a review of the case law on the specific issue of complaint verification by a minor yields no appellate authority. The lower court cases all agree on the inadequacy of the common methods of verification prescribed in CPL 100.30 particularly where the complainant and questioning police officer sign complainant’s statement and that statement bears a signed notice that false statements are punishable as a misdemeanor. Extra procedural safeguards to insure the complainant’s appreciation of truth telling are required to rebut the rule of evidence that children under 12 may testify under oath only if the court is satisfied that the child understands the nature of the oath. CPL 60.20 cases suggest having the prosecutor conduct an ex parte voir dire on the record. (People v Munnelly, 158 Misc 2d 340 [Dist Ct, Nassau County 1993]; People v King, 137 Misc 2d 1087 [Crim Ct, NY County 1988].) Another procedure espoused in the lower court cases holds that competency of the child is a matter of judicial interpretation. (People v Cortez, 140 Misc 2d 267 [Crim Ct, Queens County 1988]; People v Soler, 144 Misc 2d 524 [Crim Ct, NY County 1989]; People v Phillipe, 142 Misc 2d 574 [Crim Ct, Kings County 1989]; People v Pierre, 140 Misc 2d 623 [Crim Ct, NY County 1988].) Again, there is no appellate authority to bind this court to a particular method of verification.
The court here must evaluate this situation to determine whether the verification methods employed by the People in this case are sufficient to defeat the motion to dismiss for insufficiency. Specifically, the People used safeguards beyond the basic signed statement by the complainant. At the beginning of the complainant’s statement the questioning detective asked the 11 year old about truth telling and consequences for not doing so. The People did not depend on the printed warning alone to determine the complainant’s capacity to tell the truth. (People v Pierre, 140 Misc 2d 623 [Crim Ct, NY County 1988], supra.) Furthermore, the 12-year-old complainant was brought before the court for an examination as to his understanding of an oath and issues surrounding the order of protection. Although the court’s inquiry was held approximately seven months after the original accusatory instruments were drafted the court does not believe the lapse in time itself is sufficient to warrant a dismissal based upon the complainant’s age.
The court is satisfied that safeguards to qualify a child witness to testify were taken and efforts were taken to determine *1028 the complainant’s capacity for truth telling. Thus, the supporting deposition containing the complainant’s August 22, 1996 statement is not defective rendering the District Court information sufficient and the motion to dismiss is denied.
A hearing to determine previous alleged bad acts, arrests or convictions to be used to impeach credibility if defendant chooses to testify at trial will be held on the eve of trial. (People v Sandoval, 34 NY2d 371.)
The People consent to a hearing to determine whether uncharged crimes can be introduced on the People’s direct case to establish intent, motive, etc. (People v Molineux, 168 NY 264 [1901]; CPL 240.43.)
Defendant’s motion is denied in all other respects.