OPINION OF THE COURT
Michael Gerstein, J.
Defendant, 16 years old at the time of the alleged incident, is accused of dragging her three-year-old younger sister, A.H., on the ground, causing her to suffer bleeding and burns to the buttocks which required treatment at a local hospital. This action was allegedly observed by C.H., A.’s brother, who was then six years old. The defendant is charged with two counts of assault in the third degree (Penal Law § 120.00 [1], [2]), menacing in the third degree (Penal Law § 120.15), reckless endangerment in the second degree (Penal Law § 120.20), harassment in the second degree (Penal Law § 240.26 [1]), arid two counts of endangering the welfare of a child (Penal Law § 260.10).
Defendant now moves for this court to hold a hearing in order to determine C.H.’s ability to testify, arguing that the accusatory instrument is improperly verified pursuant to CPL 100.15, 100.30, 100.40 and 170.65. Defendant further moves for an order directing the People to disclose the recording of the People’s voir dire of the witness, pursuant to People v Rosario (9 NY2d 286 [1961]) and Giglio v United States (405 US 150 [1972]), and finally moves to reserve her right to make further motions pursuant to CPL 255.20 (3).
The People oppose defendant’s motion, arguing that the court need not conduct a voir dire of a witness in order to determine his or her ability to verify a complaint; and further arguing that an audio recorded assessment of a child witness’ swearability is not Rosario material. The People finally argue that defendant’s motion to reserve her right to seek additional relief is untimely and should be denied.
Legal and Factual Background
The superseding complaint, signed by Assistant District Attorney Indira Khan and dated July 24, 2007, states, in relevant part,
*245 “The Deponent is informed by C. H. that, at the above time and place, Informant observed the Defendant drag A. H. across the floor in that A. H.’s buttocks were dragged across the floor and that Informant observed A. H. bleeding from the buttocks area through A. H.’s clothing. “Deponent is Informed by L. H. that Informant is the foster mother of A. H. and C. H. . . . and that Informant observed A. H. to have a burn to the buttocks and that Informant took A. H. to a local hospital to treat her above described burn.”
On the same date, the People served and filed corroborating affidavits signed by C.H. and L.H., as well as an affidavit of swear-ability, supporting C.H.’s testimony. A tape recording of the People’s voir dire was provided to the court on August 14, 2007.
The Witness’ Ability to Verify the Facts Alleged in the Complaint has been Properly and Sufficiently Determined
by the Court
The requirement that every element of every offense charged must be supported by verified nonhearsay allegations is well established, as is the rule that failure to do so is a nonwaivable jurisdictional defect. (People v Alejandro, 70 NY2d 133 [1987]; CPL 100.15 [1], [3]; 100.40 [1] [c].) As the defendant argues, an improperly verified accusatory instrument may be dismissed on motion of the defendant. (CPL 170.30 [1] [a]; 170.35 [1] [a].)
While the Criminal Procedure Law does not specifically address the verification of a complaint by a child witness, CPL 60.20 (2) creates a rebuttable presumption that a child witness cannot give sworn testimony, providing that “[a] witness less than nine years old may not testify under oath unless the court is satisfied that he or she understands the nature of an oath.” Courts at the accusatory stage of a criminal case have differed on the means by which this presumption could be rebutted, and swearability determined, under this statute. Some courts have required the trial judge to conduct a hearing to determine whether the witness could verify a complaint. (People v Pierre, 140 Misc 2d 623 [Crim Ct, NY County 1988].) Other courts have allowed the prosecutor to conduct a private hearing, and ruled on the witness’ swearability based on a recording of this hearing, filed and served with the court. (People v King, 137 Misc 2d 1087 [Crim Ct, NY County 1988].) A court’s discretion *246 to designate its own preferred method of verification, as defendant concedes, is limited only by the statute and by the need to safeguard the defendant’s procedural rights. (People v Phillipe, 142 Misc 2d 574, 585 [Crim Ct, Kings County 1989] [finding that the “competence presumption (CPL 60.20) is a standard for the exercise of judicial discretion, not a bright-line distinction automatically determining admissibility”].)
In this case, the witness was interviewed by the prosecutor, who conducted a voir dire to determine the witness’ understanding of the nature of an oath. The People then served and filed an affidavit of swearability, and a copy of the recording of the hearing to this court. This method satisfies due process and sufficiently protects defendant’s rights because the court, and not the prosecutor, determines whether the witness is able to swear to the complaint. (People v Clarke, 160 Misc 2d 1018 [Crim Ct, Kings County 1994].) This court having therefore found the witness competent to swear to the allegations in the complaint in accordance with CPL 60.20, defendant’s motion to hold further hearings on this matter is denied. (See People v King, supra.)
The Audio Recording of the Witness’ Swearability Hearing is Not Discoverable under People v Rosario and Giglio
Defendant further argues that the recording of the witness’ swearability hearing is discoverable material under People v Rosario (supra), and consequently must be turned over to the defendant. The People counter that the witness’ testimony during that hearing merely relates to his capacity and intelligence, and his ability to understand the consequences of testifying falsely.
Under the rule formulated in People v Rosario (supra), and codified in CPL 240.44 and 240.45, each party must disclose to the other any written or recorded statements made by its witnesses, “[a]s long as the statement relates to the subject matter of the witness’ testimony.” (People v Rosario, 9 NY2d at 289; CPL 240.45.) Not every utterance of a party’s witness constitutes Rosario material; only those statements which are “directly related” to that witness’ trial testimony. (People v Perez, 65 NY2d 154, 159 [1985].) Preliminary materials concerning the witness’ ability or willingness to testify credibly, but not touching upon his or her testimony, do not fall within this definition. (People v Coker, 134 AD2d 507 [2d Dept 1987] [prosecution witness’ waiver of immunity prior to testifying before a *247 grand jury was not Rosario material because it concerned only the witness’ credibility, and was not the subject matter of the witness’ testimony]; see also People v Tucker, 40 AD3d 1213 [3d Dept 2007] [witness’ letter, sent to the court and describing a list of crimes the witness and defendant purportedly committed together was not Rosario because it did not relate to the witness’ testimony]; People v Stern, 226 AD2d 238 [1st Dept 1996] [witness’ recorded statement relating to defendant’s other, unrelated crimes, and to witness’ eviction from his apartment because of his informing on defendant were not discoverable under jRosario; evidence bearing solely on credibility is not Rosario material unless it relates to the witness’ direct testimony].)
The cases cited by the defendant do not change our conclusion because neither of them ruled that a recording of a child’s voir dire fell within the definition articulated in People v Rosario (supra) and People v Perez (supra). The court in People v King merely stated that the recording of a voir dire might possibly be Rosario, without more. (People v King, 127 Misc 2d at 1091.)
CPL 60.20 creates a requirement, not applicable to any other witness no matter what issue they might have to affect their credibility, that the court, as a preliminary manner, assess and determine the ability of a child under nine to give testimony, before the child is permitted to offer any testimony. This statute reflects the legislative determination that children under the age of nine have issues with regard to their ability to testify, and are deserving of special treatment. On the surface, this special treatment arguably renders the swearability tape Rosario material subject to discovery. Nevertheless, we hold that the recording need not be disclosed because the witness’ ability to testify truthfully — the only testimonial matter as to which the tape could be deemed Rosario material — relates solely to the quality of the witness’ testimony, not the subject matter of the testimony.
Neither has the defendant shown how, if at all, the recording could be discoverable under Giglio (supra). In Giglio, the Supreme Court held that the Government’s failure to disclose a promise of immunity made to its key witness in exchange for that witness’ trial testimony violated the defendant’s due process rights. A recording of a swearability hearing conducted under CPL 60.20, in our view, does not similarly affect the witness’ credibility. First, the determination of the witness’ ability to verify the complaint is entirely separate from the issue of the *248 witness’ ability to testify, and his credibility at trial, by which time the witness could have aged months or even years from the date of the verified complaint.' The defendant has not shown how the issue of the witness’ 'swearability at this stage of the proceeding could be relevant to his statement at trial.
Second, the very purpose of a hearing conducted under CPL 60.20 is to determine whether a child is capable of verifying the complaint. If the tape does not clearly establish the witness’ ability to verify the complaint, or casts doubt on the child’s ability to differentiate truth from lies, it is within the court’s discretion to order a hearing to further examine the child. (CPL 60.20.) This procedure fully comports with People v Pierre (supra), on which defendant relies.
We note, however, the broad statements of the Court in People v Rosario (supra) and its progeny that “the State has no interest in interposing any obstacle to the [full] disclosure of the facts” (People v Rosario, 9 NY2d at 290), a sentiment reiterated in many subsequent cases. (See People v Consolazio, 40 NY2d 446, 454 [1976]; People v Ranghelle, 69 NY2d 56, 63 [1986].) Thus, the People, in their discretion and in the interests of “a right sense of justice” (People v Rosario, 9 NY2d at 289) might well choose to provide defendant with a copy of the swearability recording, even if not compelled to do so under People v Rosario (supra).
Accordingly, defendant’s motion for an order requiring discovery of the recording of C.H.’s voir dire is denied.
Reservation of Rights
The branch of the defendant’s motion seeking the right to make further motions is granted to the extent provided for by CPL 255.20 (3).