[908 NYS2d 339]

THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v LOUIS CALIXTO, Defendant.

Criminal Court of the City of New York, New York County, September 8, 2010

APPEARANCES OF COUNSEL

*Legal Aid Society*, New York City (*Geoffrey K. Bickford* of counsel), for defendant. *Cyrus R. Vance, Jr., District Attorney*, New York City (*Nicholas Leddy* of counsel), for plaintiff.

## OPINION OF THE COURT

MICHAEL J. YAVINSKY, J.

The defendant is charged with one count each of assault in the third degree (Penal Law § 120.00 [1]) and harassment in the second degree (Penal Law § 240.26 [1]).

Defendant, in an omnibus motion, seeks: (1) dismissal of the count of assault in the third degree for facial insufficiency, (2) a *Huntley/Dunaway* hearing, (3) a *Wade/Dunaway* hearing, (4) an order precluding statement and identification testimony, (5) a *Sandoval* hearing, and (6) reservation of rights.

The defendant's omnibus motion is decided as follows:

### Dismissal of Count One for Facial Insufficiency

The defendant moves to dismiss the count of assault in the third degree for facial insufficiency pursuant to Criminal Procedure Law § 170.30 (1) (a) and § 170.35. In his motion, the defendant has raised an issue that arises on occasion: can the People sustain their pleading burden where the charge is assault in the third degree and only an eyewitness provides information in support of the physical injury element? Put differently, may the People satisfy the prima facie case requirement without any information from the alleged victim as to the nature and duration of any injuries suffered by that victim? As is frequently the case in a facial sufficiency analysis, it depends upon the specific factual allegations put forth in any particular case. Upon review of the facts alleged in this case, and for the reasons stated herein, the defendant's motion is denied.

Section 100.40 (1) of the Criminal Procedure Law states that an information is sufficient on its face when it substantially conforms with the requirements of CPL 100.15, when the allegations provide reasonable cause to believe that the defendant committed the offense charged, and when the nonhearsay allegations establish, if true, every element of the offense charged and the defendant's commission thereof. "So long as the factual allegations of an information give an accused notice sufficient to prepare a defense and are adequately detailed to prevent a defendant from being tried twice for the same offense, they should

be given a fair and not overly restrictive or technical reading." (*People v Casey*, 95 NY2d 354, 360 [2000]; *People v Kalin*, 12 NY3d 225 [2009].) While this "prima facie case requirement is not the same as the burden of proof beyond a reasonable doubt required at trial" (*see People v Henderson*, 92 NY2d 677, 680 [1999]), the failure to satisfy the requirements of CPL 100.40 (1) (c) creates a jurisdictional defect to the criminal action. (*People v Alejandro*, 70 NY2d 133, 137 [1987]; *Kalin*, 12 NY3d 225 [2009].)

When analyzing the factual allegations of an information, and whether or not those allegations provide reasonable cause to believe the defendant committed the charged offense, it is important to keep in mind the definition of reasonable cause that the Legislature has provided us in Criminal Procedure Law § 70.10 (2):

> " 'Reasonable cause to believe that a person has committed an offense' exists when evidence or information which appears reliable discloses facts or circumstances which are collectively of such weight and persuasiveness as to convince a person of ordinary intelligence, judgment and experience that it is reasonably likely that such offense was committed and that such person committed it."

The factual portion of the instant accusatory instrument alleges that on April 12, 2010 at about 1:35 A.M. in front of 87 East Second Street in the County and State of New York:

> "Deponent [Police Officer Kenneth Rinaldi] states that deponent is informed by Stephanie Howard, of an address known to the District Attorney's Office, that informant observed the defendant strike a female in the head two times with a closed fist, and that informant could hear the sound of defendant's closed fist hitting said female's skull, and said punching caused physical injury to said female. Deponent further states that deponent arrived on the scene moments later and found said female laying on the sidewalk at the above location and determined said female's name to be Elizabeth Englehart, and deponent observed redness about Elizabeth Englehart's forehead."

The People filed and served the supporting deposition of Ms. Howard, wherein she attested that the allegations in the accusatory instrument are true, except

> "that I could not see where the defendent [*sic*] was

hitting on the body or head of the victim. But I could clearly hear those hits land. I could hear her cries, and I could see him as he stood above her, straddling her body as she lay on the ground, punching her so hard I could hear it over New York City noise. And when he noticed me he quickly walked away as if nothing had just happened."

The defendant argues that the information is facially insufficient because the factual allegations supplied by Ms. Howard cannot serve to establish that Ms. Englehart suffered physical injury as defined in the Penal Law, and that such physical injury is an essential element of assault in the third degree. More specifically, the defendant contends that a third party such as Ms. Howard is incapable of describing the subjective feeling of pain experienced by Ms. Englehart. In essence, the defendant would have this court pronounce a bright-line rule that the People can never sustain their pleading burden without an allegation from the victim because the current state of the law requires that there be some subjective allegation as to what that victim felt or suffered as a result of the defendant's assaultive conduct. This court finds this argument to be unpersuasive.

A person is guilty of assault in the third degree when "[w]ith intent to cause physical injury to another person, he causes such injury to such person or to a third person." (Penal Law § 120.00 [1].) Pursuant to Penal Law § 10.00 (9), the required element of "physical injury" is defined as "impairment of physical condition or substantial pain." (*See also People v Henderson*, 92 NY2d at 680.) Notably, the issue of "[w]hether the 'substantial pain' necessary to establish an assault charge has been proved is generally a question for the trier of fact." (*People v Rojas*, 61 NY2d 726, 727 [1984], citing *Matter of Philip A.*, 49 NY2d 198, 200 [1980].) As the Court of Appeals has noted, " 'substantial pain' cannot be defined precisely" and, although "it is more than slight or trivial pain[, it] need not . . . be severe or intense" (*People v Chiddick*, 8 NY3d 445, 447 [2007]). In reaching a determination as to whether pain is sufficiently substantial to satisfy this element of assault in the third degree, the subjective reaction of the victim is just one factor for the trier of fact to consider. (*People v Rojas*, 61 NY2d at 727-728.) That is, "sometimes an objective account of the injury, unaccompanied by testimony about the degree of pain the victim experienced, will be enough." (*People v Chiddick*, 8 NY3d at 447.)

This court finds that the allegations are sufficient, at the pleading stage, to provide reasonable cause to believe that the defendant's alleged conduct resulted in physical injury as defined in Penal Law § 10.00 (9). Although the information does not specifically state Ms. Englehart's injuries in precise detail, it is important to keep in mind that

> "[i]n the normal course of events, the deposition supporting a misdemeanor complaint will be secured within hours or days after the events complained of, thus satisfying the requirements for a valid information (*see,* CPL 100.10 [1]; 170.65 [1]). A victim would not necessarily know with any certainty, shortly after an attack, what its lasting effects will be." (*People v Henderson,* 92 NY2d at 680-681.)

Moreover, it is important to keep in mind that "[i]n assessing the facial sufficiency of a misdemeanor complaint, the court 'is not required to ignore common sense or the significance of the conduct alleged.'" (*People v Gonzalez,* 184 Misc 2d 262, 264 [App Term, 1st Dept 2000], quoting *People v Abdul,* 157 Misc 2d 511, 514 [Crim Ct, NY County 1993].) Rather, a court must look to the "confluence of events and circumstances." (*People v Hitchcock,* 98 NY2d 586, 592 [2002].) For example, the intent of a defendant can be inferred from the nature of the actions taken by the defendant. (*See People v Bracey,* 41 NY2d 296, 301 [1977] ["intent can . . . 'be inferred from the defendant's conduct and the surrounding circumstances'" (citation omitted)].)

Here, taking the complaint and supporting deposition together, it is alleged that the eyewitness, Ms. Howard, observed the defendant punch the victim, Ms. Englehart, with a closed fist more than once, and that the force of those punches were "so hard [that the eyewitness] could hear it over New York City noise." Moreover, the eyewitness specifically described additional contextual facts about the assault and the victim's reaction, more specifically that she could hear the victim's cries during the assault, and she could see the defendant as he stood above the victim during the assault, straddling her body as she lay on the ground. Additionally, upon arriving on the scene moments later, Officer Rinaldi alleges that he found the victim laying on the sidewalk and observed redness on her forehead. While the most direct and strongest allegation about any physical injury suffered by a victim would typically come from the victim herself, there is an objective line above which one can reasonably infer the requisite level of physical injury based upon the specific allegations regarding the nature of the assault itself.

What is alleged in this case is a vicious and violent attack, not petty slaps. That attack was brutally loud, it resulted in discoloration of the victim's face where she had been attacked, and it caused the victim to both cry out while she was attacked and remain laying on the ground once it was over. The People may or may not be able to prove physical injury beyond a reasonable doubt at trial, but the instant allegations do not become facially insufficient simply because none of them come from a statement made by the victim. Taking these allegations in a light most favorable to the People, this court finds them sufficient at the pleading stage to support the reasonable inference that the victim in this case suffered physical injury.

Accordingly, the information is sufficient at the pleading stage to support each essential element of assault in the third degree. As such, the defendant's motion to dismiss this count for facial insufficiency is denied.

### Motion to Suppress Statements

The branch of the defendant's motion that is to suppress evidence of statements allegedly made by the defendant to law enforcement personnel (CPL 710.20 [3]) is granted to the extent that a *Huntley/Dunaway* hearing is ordered to be held before trial. (CPL 710.60 [4].) The motion to suppress such statements is otherwise held in abeyance pending this hearing and is referred to the hearing judge for determination.

### Motion to Suppress Identification Evidence

The branch of the defendant's motion that is to suppress evidence of pretrial identification procedures (CPL 710.20 [6]) is granted to the extent that a *Wade* hearing is ordered to take place before trial. (CPL 710.60 [4].) The motion to suppress the identification procedure is otherwise held in abeyance pending this hearing and is referred to the hearing judge for determination.

### Motion to Preclude Statement and Identification Evidence

The branch of the defendant's motion that is to preclude evidence of unnoticed statements or identification procedures (CPL 710.30 [3]) is denied, with leave granted for the defendant to renew this branch of the motion upon learning that the People intend to introduce any such evidence at the defendant's trial.

### Motion for a *Sandoval* Hearing

The branch of the defendant's motion that is to preclude the People from introducing, for the purpose of impeaching the de-

fendant's credibility at trial, evidence of the defendant's prior uncharged criminal, vicious or immoral acts is granted to the extent that the People are directed to provide written notice to the defendant of all such acts, if any, that they intend to introduce at the defendant's trial (CPL 240.43) no later than three days prior to jury selection (excluding Saturdays, Sundays, and court holidays). The defendant is granted leave to renew the branch of this motion that is for a *Sandoval* hearing upon receiving such notice.

## Reservation of Rights

The branch of the defendant's motion seeking the right to make further motions is granted to the extent provided for by CPL 255.20 (3).