People v Alvarenga-Mendez (2025 NY Slip Op 50512(U))

[*1]

People v Alvarenga-Mendez

2025 NY Slip Op 50512(U)

Decided on January 7, 2025

Justice Court Of The Town Of Poughkeepsie, Dutchess County

Wallace, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on January 7, 2025
Justice Court of the Town of Poughkeepsie, Dutchess County

The People of the State of New York

against
Kenia J. Alvarenga-Mendez, Defendant

Case No. 23080250

For the People: Assistant District Attorney Daniel P. O'Hare
Office of the Dutchess County District Attorney
For the defendant: James Monteleon, Esq. 
The Law Office of James Monteleon, PLLC
White Plains, New York

Craig M. Wallace, J.

The defendant is charged by misdemeanor information with one count of Endangering the Welfare of a Child ("EWC") in violation of Penal Law §260.10(1), a class "A" misdemeanor; and one count of Assault in the Third Degree ("Assault 3°") in violation of Penal Law §120.00(2), a class "A" misdemeanor.
Defendant seeks an Order by way of Notice of Motion 1) dismissing the Assault 3° charge on the grounds that the accusatory instrument is insufficient on its face pursuant to C.P.L. §100.40, and, therefore, defective under C.P.L. §170.35; and 2) dismissing the charge of EWC upon the same exact grounds, as stated above.
Investigator Caceres. signed the misdemeanor complaints at issue on August 15, 2023, approximately 23 to 25 days after the alleged incident that is the basis of the charges. The defendant's arrest occurred on August 16, 2023, at the NYS Police barracks located at 18 Middlebush Road in the Town of Wappinger, according to the District Attorney's Certificate of Compliance dated October 3, 2023.
In support of the misdemeanor complaints, a supporting deposition of the child's mother, Andrea P., dated August 14, 2023, was attached to the accusatory instruments. There were no other sworn statements or depositions filed in support of the complaints.
 Verification of Accusatory Instruments
Each misdemeanor complaint signed by NYSP Investigator Caceres state that the allegations of fact made by the complainant are upon information and belief, "with the sources of Complainant's information and the grounds for belief being the facts contained in the attached SUPPORTING DEPOSITION(S) of: Police Investigation."
The Court is in receipt of the supporting deposition of the complainant's mother, Andrea P., who provided her statement to Trooper Raime of the New York State Police. The sworn deposition of Ms. P., which was signed and dated August 14, 2023, states in relevant part:
"On July 23rd, 2023, I picked up my Daughter A. A. xx/xx/2015 from my ex-husbands Gilberto A. (xx/xx/1989) at the Police Station near Poughquag. My ex-husband has visitation with A. A. every other weekend. On July 24th, 2023, I realized my daughter had bruising on her buttocks when A. A. was playing in the pool and I could see the bruising when she had on her bathing suit. When I asked A. A. how she got the bruise she said that she slipped and fell on a toy. I then asked her if that was really the truth and she then told me it was a lie. When I asked A. A. to tell me the truth, she began to cry and said that she could not tell me. Then two days later I overheard A. A. speaking to her brother Jose R. (xx/xx/2010) who she told that [defendant] was the one who hit her with a belt on the buttocks. [Defendant] is the new girlfriend of my ex-husband and they live together. [Defendant] is always there when my ex-husband has visitation with A. A. every other weekend. A. A. has told me that has threatened her by saying that if she tells her parents that [defendant] is hitting her, A. A. will not be able to see her dad anymore. My ex-husband is not aware of [defendant] hitting our daughter. This is not the first time that [defendant] has hit my daughter, she has been hitting her since September 21st of 2021. Every time A. A. comes home with bruises I have been taking pictures. I previously have tried to get an order of protection for my daughter A. A. against [defendant] but the court advised me that due them not being blood related I cannot get one. That is why I called the police today. Besides A. A. being hit in the butt, she has been hit in the arm, face, and legs in the past which left bruising. I have pictures to prove. I would like to press charges against [defendant] for assaulting my daughter. I am also willing to be interviewed further with my daughter by the police."
The Court is not in receipt of any verified supporting deposition of the child complainant, A. A.[FN1]
In addition, there is no admission or sworn statement of the defendant alleged in either complaint or filed with the accusatory instruments.

Standards for Accusatory Instruments
In order for a misdemeanor information to be sufficient on its face it must contain factual allegations of an evidentiary character demonstrating reasonable cause to believe that defendant committed the offense charged (C.P.L. §100.40(1)(b); C.P.L. §70.10). These facts must be supported by non-hearsay allegations which, if true, establish every element of the offenses charged (see C.P.L. §100.40(1))(c); People v. Henderson, 92 NY2d 677). Reasonable cause exists when "evidence or information which appears reliable discloses facts or circumstances which are collectively of such weight and persuasiveness as to convince a person of ordinary intelligence, judgment and experience that it is reasonably likely that such offense was committed and that such person committed it." [C.P.L. §70.10(2)]. An information which fails to satisfy these requirements is jurisdictionally defective (see C.P.L. §170.35); People v. Alejandro, 70 NY2d 133; People v. Dumas, 68 N.Y2d 729).
The People bear the burden of satisfying the facial sufficiency requirements by doing so within the "four corners" of the accusatory instrument [see People v. Jones, 9 NY2d 259; People v. Thomas, 4 NY3d 143; People v. Liranzo, 46 Misc 3d 140(A)]. In evaluating whether the pleaded allegations establish reasonable cause to believe that a person has committed an offense, the court must do so in the light most favorable to the People and consider all favorable inferences drawn therein [see People v. Williams, 84 NY2d 925; People v. Contes, 60 NY2d 620; People v. Baron, 19 Misc 3d 1122[A]; People v. Mellish, 4 Misc 3d 1013(A)].
Although mere conclusory allegations are insufficient (see People v Dumas, supra), an information sufficient on its face need not articulate every fact necessary to prove the charged allegations (see People v. Mills, 1 NY3d 268; People v. Bello, 92 NY2d 523; People v. Mayo, 36 NY2d 1002). So long as the factual allegations of an information give an accused notice sufficient to prepare a defense and are adequately detailed to prevent defendant from being tried twice for the same offense, they should be given a fair and not overly restrictive or technical reading (see People v. Kasse, 22 NY3d 1142; People v. Kalin, 12 NY3d 225; People v. Casey, 95 NY2d 354). Further, the facts alleged need only establish the existence of a prima facie case, even if those facts would be insufficient to establish guilt beyond a reasonable doubt (see People v. Jennings, 69 NY2d 103). Moreover, in assessing the facial sufficiency of an information, the court "is not required to ignore common sense or the significance of the conduct alleged." (People v. Gonzalez, 184 Misc 2d 262, 264 quoting People v. Abdul, 157 Misc 2d 5).
The requirement that every element of every offense charged must be supported by verified non-hearsay allegations is well established, as is the rule that failure to do so is a nonwaivable jurisdictional defect [People v. Alejandro, 70 NY2d 133, 517 N.Y.S.2d 927 (1987); C.P.L. §100.15(1), (3); C.P.L. §100.40(1)(c)]. As the Defendant argues, an improperly verified accusatory instrument may be dismissed on motion of the Defendant. [C.P.L. §170.30(1)(a); C.P.L. §170.35(1)(a)].
A supporting deposition is a written instrument accompanying or filed in connection with an information, a simplified information, a misdemeanor complaint, or a felony complaint, subscribed and verified by a person other than the complainant of the accusatory instrument, and containing factual allegations of an evidentiary character, based either upon personal knowledge or on information and belief, which supplement those of the accusatory instrument and support or tend to support the charge or charges contained therein [C.P.L. §100.20]. The phrase "factual allegations of an evidentiary character" means nonconclusory descriptions of what the deponent personally observed, heard or experienced. [See, People v. Pashesa, 50 Misd.3d 238, 17 N.Y.S.3d 624 (NY City Crim. Ct. 2015); People v. Morris, 44 Misc 3d 810, 991 N.Y.S. 288 (NY City Crim. Ct. 2014)]. An insufficiency in an accusatory instrument may be cured by a supporting deposition [People v. S.H., 196 Misc 2d 754, 766, N.Y.S.2d 50 (NY City Crim. Ct. 2003)].

Application of Trial-Ready Conversion of Accusatory Instruments in Case At Bar
The factual part of the two (2) accusatory instruments before the Court is signed by Investigator Caceres of the NYSP. The source of his information and belief in the complaint is "the SUPPORTING DEPOSITION(S) of : Police Investigation." The complainant's verification of the instrument is deemed to apply only to the factual part thereof and not to the accusatory part. [C.P.L. §100.15; see also, People v. Scott, 2 NY2d 148, 143 N.E.2d 901 (1957) (information used as a pleading must be verified); Albrecht v. United States, 273 U.S. 1, 8, 47 S. Ct. 250, 252, 71 L. Ed. 505 (1927) ("A person may not be punished for a crime without a [*2]formal and sufficient accusation even if he voluntarily submits to the jurisdiction of the court.")]. The accusatory instruments signed by Investigator Caceres, standing alone, are misdemeanor complaints.

Evidence Given by Child-Victim Must be Swearable
A misdemeanor complaint based upon a child's allegations may not be converted into a trial-ready information by a verified supporting deposition without rebutting the statutory presumption that a child under the age of nine (9) may not testify under oath, unless the court is satisfied that the child understands the nature of the oath. [C.P.L. §60.20(2); People v. King, 137 Misc 2d 1087, 523 N.Y.S. 748 (NY Crim. Ct. 1988) (rejected on other grounds by People v. Soler, 144 Misc 2d 524, 544, N.Y.S.2d 287 (NY City Crim. Ct. 1989) statutory age limit was 12 years at the time of the case)].
It is incumbent on the courts to insure that, when a defendant is charged solely on the allegations of a complaining witness who is below the age of testimonial competence, every element of the offense, and the defendant's commission of the offense, are sufficiently supported by verified, non-hearsay allegations.
Before discussing the legal infirmities of the accusatory instruments based upon the lack of verification from the eight (8) year old child A. A., the court must comment on the complaints filed with the Court.
i. Assault in the Third Degree Complaint.
The factual portion of the complaint states as follows:
"On or about and in between the dates of July 21, 2023 to July 23, 2023, the said defendant did recklessly strike the child, [A.A.], with a brown belt for not eating the food provided. This reckless act caused bruising and injury to the child's buttocks . . . ".
Penal Law §10(9) defines "physical injury" as "impairment of physical condition or substantial pain." While the complaint alleges defendant caused bruising and injury to A. A., there are no factual allegations rising to the element of "physical injury" in the complaint.
The deponent of the only supporting deposition filed with the Court is the mother of A. A. She alleges that on July 26, 2023, at least three (3) days after the alleged incident, "I overheard A. A. speaking to her brother [Jose R.] (date of birth xx/xx/2010) who she told that [defendant] was the one who it her with a belt on the buttocks." This statement is clearly hearsay and violates the non-hearsay requirement for facially sufficient informations.
In People v. Calixto, 29 Misc 3d 798, 908 N.Y.S.2d 339 (NY City Crim. Ct. 2010), the court was faced with the issue whether the People could satisfy the prima facie requirement without any information from the alleged victim as to the nature and duration of any injuries suffered by that victim. The defendant was not observed by any eyewitness hitting the victim on the body or head, but the supporting deposition of the deponent witness could hear the hits land, could hear the cries of the victim and saw him straddling her as she lay on the ground punching her so hard that the deponent heard it over the New York City street noise. (Calixto, supra, at 801).
The defendant moved to dismiss the assault third-degree charge for facial insufficiency on the grounds that the deponent was incapable of describing the subjective feeling of pain experienced by the victim, who did not provide a sworn statement.
The court denied defendant's motion to dismiss, finding the allegations of the eyewitness at the pleading stage provided reasonable cause to believe that defendant's conduct resulted in physical injury as defined in P.L. §10(9). (Calixto, supra, at 801). The Court analyzed the facts [*3]and detail of the eyewitness' sworn statement that she saw the defendant punch the victim with a closed fist more than once, with such force that she heard it over the city street noise. The court also noted additional contextual facts that she could hear the victim's cries during the assault, could see the defendant straddling over victim's body as she lay on the ground; coupled with the arresting officer's observations that he observed redness and discoloration on the victim's forehead as he saw her on the ground. (Id).
In denying defendant's motion to dismiss for facial insufficiency, the court noted that although the People might have proof problems at trial, the sworn allegations of the witness did not make the accusatory instrument charging defendant with assault facially insufficient "because none of them [statements] come from a statement made by the victim. Taking these allegations in a light most favorable to the People, the court finds them sufficient at the pleading stage to support the reasonable inference that the victim in this case suffered physical injury." (Id).
Conversely, the deposition of the child victim's mother is hearsay at its purest form. She made her observations of bruises on her daughter's buttocks at least one day after the alleged incident and the allegation of causation of injury by the Defendant using a belt is based solely upon a conversation she overheard between the eight (8) year-old victim and her thirteen (13) year-old brother at least three (3) days after the alleged incident. There are no competent allegations within the four corners of the instant assault complaint that provide reasonable cause to believe that the defendant's alleged conduct resulted in physical injury as defined in the Penal Law.
Notably, the complaint and supporting deposition contain (1) no statements or admissions by this Defendant to corroborate the allegations; (2) no eyewitness to the alleged incident outside of the alleged child victim herself; (3) no supporting deposition of the child victim or statement sufficient to satisfy C.P.L. §60.20(2) competency of a child statute to verify the criminal complaint; (4) a supporting deposition of the mother dated August 14, 2023, (which is over three (3) weeks after the alleged incident) which hardly qualifies as a prompt outcry this Court could rely on in assessing the facial sufficiency of a misdemeanor information; (5) no medical or physical evidence in the form of any pictures or certified medical records attached to the complaint; and (6) no complainant or independent eyewitness evidence which even remotely connects this defendant to the criminal allegations in the accusatory instruments.
Without any reliable information or competent evidence to support the allegation of physical injury, the accusatory instrument charging assault in the third-degree omits the essential element of the offense which is a jurisdictional defect warranting dismissal [(see, People v. McDowell, 28 NY2d 373, 321 N.Y.S.2d 894, 270 N.E.2d 716 (1971) (reference to a blackened eye without any development of its appearance, seriousness, accompanying swelling, or suggestion of pain was insufficient proof of physical injury); Matter of Philip A., 49 NY2d 198, 424 N.Y.S.2d 418, 400 N.S.2d 358 (1980) (two punches to the face causing red marks, crying, and an unspecified degree of pain was insufficient proof of physical injury); Matter of Antonio J., (129 AD2d 988, 514 N.Y.S2d 156 (4th Dep't, 1987) (evidence, consisting of victim's testimony that he had black and blue face and sore ribs, which were bruised, without further elaboration on extent of injuries, failed to establish that victim sustained either impairment of physical condition or substantial pain so as to prove that juvenile, if an adult, had committed crime of assault in third degree)].
Under the unique circumstances of this case, the court finds that the plaintiff has failed to [*4]allege sufficient factual allegations sufficient to satisfy the element of physical injury. This is a classic example of a failure to address an element of the crime in a misdemeanor complaint and is a non-waivable jurisdictional defect. [See, People v. Jones, 9 NY3d 259, 262, 848, N.Y.S.2d 600 (2007); People v. Alejandro, 70 NY2d 133, 517 N.Y.S.2d 927 (1987); People v. Boyce, 25 Misc 3d 1056, 886 N.Y.S2d 329 (NY City Crim. Ct. 2009)].

The Complaints Fail to Satisfy C.P.L. §60.20
The People further allege, in a supplemental submission dated May 1, 2024, that the accusatory instrument is sufficiently supported by [1] an affidavit from the child victim's mother which is based upon circumstantial evidence, and [2] a videotaped forensic interview of the child-victim in the Child Advocacy Center at the Office of Children and Family Services by NYS Police Senior Investigator Winterfeldt. The People argue they fulfilled caselaw precedent by taking appropriate steps and recording the voir dire, which was conducted by Inv. Winterfeldt. The People have misread the applicable caselaw and the Court rejects their argument.
First, it is uncontroverted that no supporting deposition of the child-victim exists, and thus, none was filed with the Court. The only sworn statement attached to the complaint is the affidavit of Andrea P., the child-victim's mother. There is no corroborating affidavit of the child-victim who was eight (8) years old at the time of the alleged commission of the crime. Nor is there an affidavit of the victim's brother, Jose R., obtained by the People in their investigation.
Moreover, the People introduce for the first time of the existence of a video recording of the child-victim's testimony, amongst other exhibits. The assigned ADA alleges that on October 10, 2023, she served defendant with a copy of the child's video recording and filed a thumb-drive of the video with the Court. In her opposition papers, the assigned ADA alleges: "Here, the vulnerable witness has been interviewed by a New York State Forensic Investigator, who conducted a voir dire to determine the witness' understanding of the nature of the oath, in particular, the difference between right and wrong, and between telling the truth and telling a lie. The child gave a videotaped testimony. A copy of the videotaped testimony has been turned over to the defense and made available to the Court as to propriety of the People's assessment of witness competence." [See Gebru affirmation dated May 5, 2024 at paragraph "25"].
The videotape of the child was never memorialized in writing in deposition format so that the child could verify, sign it, and the Court had a record to make a competency determination of A. A. to swear to an accusatory instrument or supporting deposition. [see People v. Soler, 144 Misc 2d 524, 525, 544 N.Y.S.2d 287 (NY City Crim Ct. 1989)].
In Soler, the court adopted what is called the "majority view that the C.P.L. §60.20(2) competence presumption should apply in assessing the validity of a verification under C.P.L. §100.30." (Soler, 144 Misc 2d at 526-527, 544 N.Y.S.2d 287). At the same time, the Court also adopted the procedure used by the People in the instant matter — "the examination of the child may be done, in conjunction with any of the out of court methods enumerated in C.P.L. §100.30(1)(b) - (e) by an Assistant District Attorney, provided that the voir dire is recorded and made available to the court for review as to the propriety of the prosecutor's assessment of witness competence." [See Soler, 144 Misc 2d at 527, 544 N.Y.S.2d 287; see also, People v. King, 137 Misc 2d 1087, 523 N.Y.S.2d 748 (NY City Crim. Ct. 1988)].
For many years, courts have accepted the procedure described in Soler since "(t)his method satisfies due process and sufficiently protects defendant's rights because the court, and not the prosecutor, determine whether the witness is able to swear to the complaint." (emphasis [*5]added). [see People v. L.G., 18 Misc 3d 243, 246, 844 N.Y.S.2d 846 (Crim. Ct., Kings Cty., 2007) (citations omitted); see also, People v. Phillipe, 142 Misc 2d 574, 587, 538 N.Y.S.2d 400 (Crim. Ct., Kings, Cty., 1989) ("verification by a minor of any age may be effectuated by any of the methods permitted by C.P.L. §100.30 . . . the child need not swear before the court. Neither must the court conduct a voir dire to determine the child's understanding."); People v. Jane T., 13 Misc 3d 1243(A), 831 N.Y.S.2d 361 (City Ct., New Rochelle, 2006) ("that the prosecutor should make this initial determination (of whether a minor has the capacity to understand an oath) is not only consistent with applicable statutory and case law, but is both practical and comports with the traditional role of the court and prosecutor respectively")].
In People v. L. G., 18 Misc 3d 243, 843 N.Y.S.2d 846 (NY City Crim. Ct. 2007), a child-witness' ability to verify facts alleged in a criminal complaint was properly determined where the witness was interviewed by the prosecutor, who conducted a voir dire to determine the witness' understanding of the nature of an oath, and the prosecution then served and filed an affidavit of swearability, and a copy of the recording of the hearing to the court.
Conversely, in People v. Munnelly, 158 Misc 2d 340, 601 N.Y.S.2d 204 (Dist. Ct. Nassau Co. 1993) a supporting deposition signed by a nine-year (9) old complainant was not properly verified where only a detective qualified the child as a witness, and the form notice warning that a false statement is punishable was utilized without any showing that the child understood the warning; this method of qualifying the complainant did not allow the court to determine the ability of the complainant to be sworn. (Munnelly, supra at 342).
In the instant case, it is conceded there was no supporting deposition signed by the child-witness. Thus, the Court has nothing to go by to determine proper verification of the complaints by the child. There was nothing filed by the People in writing that shows the child understood the requisite P.L. §210.45 warning that is mandated in a criminal complaint. This method of having a detective (who is not an officer of the court) qualify the child witness was never reduced to supporting deposition format signed under oath by Inv. Winterfeldt or the child witness. The Court does not have anything from A. A. to satisfy the P.L. §210.45 notice that a false statement is punishable as a Class A misdemeanor. It is incumbent upon the People to rebut the C.P.L. §60.20(2) presumption, in proper format, that the 8 year-old witness is swearable and understands the difference between a truth and a lie. The People failed to do so.
Furthermore, the People failed to timely amend the complaint with a supporting deposition of the child witness or her thirteen (13) year-old brother. The only proffer by the People is a videotape conducted by Inv. Winterfeldt. Here, the child-victim did not have a supporting affidavit to properly verify, and the procedure summarized in Munnelly was clearly never followed.[FN2]

Due to the People's failure to file a corroborating deposition of the victim, A. A., that satisfied C.P.L. §100.30 and C.P.L. §60.20(2), the accusatory instruments have stood alone as bare misdemeanor complaints since defendant's arraignment on August 17, 2023. The defendant is charged solely on an alleged statement of a complaining witness who is below the age of testimonial competence. The affidavit of the child's mother, without anything else, is insufficient to convert the complaint to an information because it is hearsay. As such, the assault complaint relies solely upon hearsay and is a fatal jurisdictional defect subject to dismissal.
ii. Endangering the Welfare of a Child.
A person is guilty of endangering the welfare of a child (P.L. §260.10(1)) when she knowingly acts in a manner likely to be injurious to the physical, mental or moral welfare of a child less than seventeen years old. Penal Law §260.10(1) is broadly written and imposes criminal sanctions for the mere likelihood of harm. (People v. Sanderson, 68 AD3d 1716, citing People v. Johnson, 95 NY2d 368).
Inasmuch as the allegations in the criminal complaint are factually identical to that relied upon in the assault third-degree accusatory, for the reasons stated above, the accusatory instrument is facially insufficient and must be dismissed as a matter of law.
Accordingly, defendant's motion to dismiss both accusatory instruments for facial insufficiency pursuant to C.P.L. §100.40 is granted in its entirety.
The foregoing constitutes the decision and order of this Court.
SO ORDERED.
Dated: January 7, 2025
Poughkeepsie, New York
Honorable Craig M. Wallace

Footnotes

Footnote 1:The alleged child-victim is hereinafter referred to as A. A., dob: xx/xx/2015. She was eight (8) years old at the time of this alleged incident.

Footnote 2:The proper procedure summarized by the Munnelly court, which this Court adopts, states as follows:

 (a) The child should be examined by the prosecuting attorney to determine the child's ability to understand the oath and the difference between telling the truth and telling a lie;
 
(b) The information should contain an affirmation of the prosecuting attorney's findings; and
 
(c) A stenographic, audio or visual recording of the interview with the child should be available for judicial review if there is a challenge to the sufficiency of the information. The instant case lacks a record of the first two procedural safeguards, and the statutory presumption was never properly addressed and rebutted.